(No. 52759.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. LARRY FRITZ, Appellant.

*Opinion filed February 20, 1981.*

SIMON, J., took no part.

Mary Robinson, Deputy Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Melbourne A. Noel, Jr., Thomas E. Holum and William M. Wippold, Assistant Attorneys General, of Chicago), for the People.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendant, Larry Fritz, was charged by indictment with three counts of committing indecent liberties with a child (Ill. Rev. Stat. 1975, ch. 38, par. 11–4). One count was dismissed prior to trial for lack of venue. After a jury trial in the circuit court of Kane County, the defendant was convicted of the remaining two counts. He was sentenced to 5 to 10 years in prison on one count only. The

court declined to impose sentence on the other count, but ordered the guilty verdict to stand. Defendant's post-trial motion was denied. On appeal, the Appellate Court for the Second District affirmed. (77 Ill. App. 3d 1.) We allowed the defendant's petition for leave to appeal. 73 Ill. 2d R. 315.

The defendant and his wife, Mary Fritz, spent the summer of 1976 sharing an apartment with a married couple and the couple's children. On Saturday evening, August 14, 1976, Mary was babysitting for the children while the children's parents were away for the weekend. One of the children, 14-year-old Randy, was in his room working on his model cars. It was alleged that the defendant entered the room at approximately 8 p.m., and began to help Randy work on the cars. The defendant then allegedly committed the acts of deviate sexual conduct. At or near 8:45 p.m., the defendant left Randy's room.

During the direct examination of the defendant's wife, Mary Fritz, the following occurred:

"Q [defense counsel]: Okay. Now, earlier on Saturday at any time did your husband leave the house?

A. He left Saturday morning.

Q. About what time did he leave?

A. About 10:00, 11:00 in the morning.

Q. What time did he then come back, if he did?

A. I don't know what time he came back.

Q. Was he back before 6:00 o'clock?

A. Yes.

Q. *Then did he leave again?*

A. *He left about 2:00 or 3:00 in the afternoon and said he was going to work.*

Q. When's the next time that you saw him?

A. 12:00 o'clock that night.

MR. DOERR [prosecutor]: Your Honor, I'm going to object at this point to this line of testimony. All that this testimony was elicited for is alibi defenses or affirmative defenses. I have never been given notification of it.

MR. ANDERSON [defense counsel]: Your Honor, this is not in the nature of an alibi defense.

MR. DOERR: She just said he was at work from 3:00 to 12:00.

MR. ANDERSON: Can I have that statement stricken as to— I'm not sure I understand the State's objection, that we're going to testify at all here or just simply the statement she made as to what he said.

THE COURT: The jury may retire for a brief recess while we consider this." (Emphasis added.)

The defendant contends that the trial court erred when it decided that the defendant was beginning to interpose the defense of alibi, and was doing so without informing the State in advance, as required by Supreme Court Rule 413(d)(iii) (73 Ill. 2d R. 413(d)(iii)). Further, the defendant contends that the court erred when it subsequently recessed the trial and ordered Mary Fritz to submit to cross-examination under oath by the State's Attorney.

We think it is clear that the witness volunteered a statement as to where the defendant told her he was going. There is no indication that the defendant intended to produce evidence that he was at work on August 14, 1976. In fact, as later testimony showed, he had been fired earlier in the week. While the defendant was attempting to prove through Mary Fritz' testimony that the defendant was not at the scene of the alleged offense at or near 8 p.m., he did not intend to do so by establishing that he was at work.

The meaning of the word alibi is "elsewhere." (Black's Law Dictionary 95 (rev. 4th ed. 1968).) The defense of alibi does not, in theory, deny that the crime was committed, but is designed to prove that the defendant, during the whole time, was so far from the place where the crime was committed that he could not have participated in it. (*People v. Thomas* (1946), 393 Ill. 573, 580; *People v. Lukoszus* (1909), 242 Ill. 101, 108-109; see generally 21 Am. Jur. 2d *Criminal Law* sec. 136 (1965).) To establish an alibi, the accused must show that he was at another *specified* place at the time the crime was committed, thus

making it impossible for him to have been at the scene of the crime. It is not enough for the accused to say he was not at the scene and must therefore have been elsewhere. 21 Am. Jur. 2d *Criminal Law* sec. 136 (1965).

In *People v. Ashley* (1960), 18 Ill. 2d 272, the defendant was convicted of the armed robbery of a tavern. On appeal, he argued that the trial court erred when it refused to give a jury instruction regarding an alibi. The defendant had offered the testimony of the defendant's employer to the effect that the defendant did work in a restaurant for the employer and that defendant's regular hours were 7 p.m. to 2 a.m. When the employer was asked who was in the restaurant between 2:50 and 3 a.m. on May 19, 1958, the time of the armed robbery, the employer responded that he was there alone. That testimony was held insufficient to establish an alibi since it "entirely failed to indicate the whereabouts of defendant during the time the crime was committed. Under these circumstances an instruction on alibi was properly refused." 18 Ill. 2d 272, 281.

Our Rule 413 (73 Ill. 2d R. 413(d)(iii)), which was amended effective November 15, 1976, specifies that defense counsel, upon written motion, shall inform the State "if the defendant intends to prove an alibi, [and shall provide] specific information as to the place where he maintains he was at the time of the alleged offense." The Supplement to Historical and Practice Notes (Ill. Ann. Stat., ch. 110A, par. 413, Supplement to Historical and Practice Notes, at 195 (Smith-Hurd Supp. 1980)) states that "if a defendant intends to raise an alibi defense, he must, upon motion by the State, provide specific information as to his asserted whereabouts during commission of the crime." A motion was filed by the State herein, and the defendant answered that he did not intend to prove an alibi.

In *People v. Pearson* (1960), 19 Ill. 2d 609, 614, this court approvingly quoted an instruction given in that trial. It stated in part:

> "If a person on trial for a crime shows that he was in another place at the time when the act was committed, he is said to prove an alibi."

Since the State must prove that the defendant was present at the time an offense allegedly occurred (*People v. Pearson* (1960), 19 Ill. 2d 609, 614), a defendant may introduce the testimony of an occurrence witness that the witness did not see the defendant at the time and place in question. Such testimony is elicited to rebut the State's case. It is not designed to establish that a defendant was at any other definite place.

We think there is a difference between attempting to prove that a defendant was in some definite place other than where the crime occurred, and attempting to prove that the defendant was not at the scene of the offense at the time it allegedly occurred. In the instant case, in order to present competent evidence of an alibi, the defendant would have had to produce evidence that he was at a definite place elsewhere than at the apartment, during the time the offense allegedly occurred. Mary Fritz could not competently testify as to the defendant's presence at any place except the apartment, since that is where she was all Saturday evening. Thus, Mary Fritz could only competently testify as to whether defendant was at the apartment, in her capacity as an occurrence witness, but she would be incapable of testifying, as an alibi witness, of defendant's whereabouts anyplace else. Therefore, Mary Fritz' volunteered, unresponsive statement that defendant told her he was going to work cannot be considered as evidence of an alibi: first, because it was volunteered; second, because Mary Fritz did not know whether defendant was actually going to work; and third because Mary Fritz was present

at the scene of the alleged offense, not elsewhere. Moreover, other than Mary Fritz' statement, the defendant never offered any evidence that he was present at any other definite place. His theory was simply that he was not at the apartment between 8 and 9 p.m. on August 14, 1976. Hence no evidence of an alibi was presented in this case.

The defendant next argues that the court abused its discretion when, upon the State's objection that an alibi was being raised, the court recessed the trial to give the State an opportunity to cross-examine Mrs. Fritz. The State argues that the court was within its discretionary power to order the defendant to disclose information not previously disclosed, pursuant to Rule 415(g). 73 Ill. 2d R. 415(g).

The record discloses that the trial court's commendable intention in permitting the prosecutor to cross-examine Mary Fritz outside the presence of the jury as to whether the defendant was at work was to discover if the defendant was, indeed, working, and thus not culpable of the charged offenses. Defense counsel attempted to tell the court, without revealing the client's confidential communication, that the defendant had not been at work on August 14, 1976. Over defense counsel's continued objection, the prosecutor then extensively questioned the defendant's wife, Mary Fritz, concerning her husband's place of employment, his hours, his working associates, and when he told her he had been fired. The prosecutor also asked Mrs. Fritz about conversations she had with the defendant and defense counsel concerning whether the defendant was working on August 14, 1976. Defense counsel objected to any questions involving these conversations, arguing that they were protected by the marital and attorney-client privileges, respectively. The objections were overruled and Mrs. Fritz answered the questions.

The day after the prosecution examined Mrs. Fritz outside the presence of the jury, the State elicited testimony from Mrs. Fritz at trial and before the jury that her husband told her on Saturday afternoon he was going to work. Mrs. Fritz also testified that she was not certain where the defendant had worked other than at a truck stop, she did not know his hours, or his working associates. In the course of its cross-examination, the State was able to impeach Mrs. Fritz, on a number of points, including where the defendant was supposed to have worked, where the victim, Randy, was between 8 and 9 p.m. on August 14, 1976, and where the defendant was at the same time. The State then recalled Mrs. Olga Francis, who testified that the defendant told her husband and herself on Friday, August 13, 1976, that he had been fired because he was suspected of stealing $150.

We think that the foregoing testimony, adduced due to Mrs. Fritz' volunteered remark which should have been stricken, is extremely prejudicial to the defendant. The defendant did not intend to produce evidence that he was at work at the time in question. It is the duty of the court to strike nonresponsive answers to questions, when a proper motion to do so is made. (*Math v. Chicago City Ry. Co.* (1909), 243 Ill. 114, 122.) Thus, the testimony elicited by the State put the defendant in the position of rebutting evidence which would not have been admitted if the motion to strike had been granted.

Additionally, in *People ex rel. Bowman v. Woodward* (1976), 63 Ill. 2d 382, 386-89, we held that a defendant's privilege against self-incrimination, guaranteed under both the Federal and State constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10), is violated when a defendant is compelled to produce information of a testimonial or communicative nature (*Schmerber v. California* (1966), 384 U.S. 757, 761, 16 L. Ed. 2d 908, 914, 86 S. Ct. 1826, 1830) that he did not intend to introduce at

trial. We think the admission of this prejudicial evidence, produced in violation of the defendant's privilege against self-incrimination and introduced for the ostensible purpose of rebutting evidence of an alibi (see *People v. Pearson* (1960), 19 Ill. 2d 609, 614), which could not have been established by Mary Fritz' testimony, requires reversal.

Thus, we need not consider whether the trial court abused its discretion in ordering the cross-examination of Mrs. Fritz, without the jury being present. We need only decide that, since Mrs. Fritz was not an alibi witness but an occurrence witness, it was unnecessary for the court to order an examination of her.

The defendant also argues that the prosecutor's examination of Mrs. Fritz, both outside the presence of the jury and at trial, violated the marital and attorney-client privileges. Specifically, Mrs. Fritz was asked whether she discussed with the defendant and defense counsel whether the defendant was at work on August 14, 1976. Mrs. Fritz stated that she discussed this matter with the defendant while he was in the Kane County jail and then she discussed it separately with defense counsel. We agree with the appellate court that the marital privilege was not waived when Mrs. Fritz took the stand, and that the privilege was violated by the examinations she was compelled to undergo. We do not agree with the court that no prejudice resulted. Since Mrs. Fritz' conversations with her husband in the jail were confidential, she could not be compelled to reveal their contents. (*People v. Simpson* (1977), 68 Ill. 2d 276, 279-80; Ill. Rev. Stat. 1975, ch. 38, par. 155—1.) The implication was clear from the examination of Mrs. Fritz that, if the defendant had been working the night in question, some evidence of that fact would have been adduced at trial. The jury could easily speculate that no evidence was adduced because none was available. We think that prejudicial error therefore resulted from the

violation of the marital privilege. It becomes unnecessary then to decide whether, as defendant urges, Mrs. Fritz was defense counsel's agent for purposes of the application and violation of the attorney-client privilege.

Since we are remanding this matter for a new trial and, concomitantly, vacating the sentence imposed by the trial court, it is unnecessary to consider whether, as defendant urges, the trial court improperly considered the defendant's arrest record, or "rap sheet," when it sentenced the defendant. That issue is not squarely presented on this appeal.

Accordingly, for the reasons stated, the judgments of the appellate and circuit courts are reversed, and the cause is remanded to the circuit court for a new trial.

*Reversed and remanded.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.