(77 P.3d 1277)
No. 89,355

STATE OF KANSAS, *Appellee*, v. CHARLES R. DEFFEBAUGH, JR., *Appellant*.

Opinion filed October 10, 2003.

*Rick Kittel*, assistant appellate defender, for appellant.

*Linda E. DeWitt*, of Law Offices of Larry Markle, of Coffeyville, *F. William Cullins*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and GREEN, JJ.

MALONE, J.: Charles R. Deffebaugh, Jr., appeals his jury trial conviction for selling cocaine. The primary issue is whether the trial court erred by refusing to permit a defense witness to testify that Deffebaugh was not present during the drug transaction. The specific question before the court is: "Does the definition of alibi witness include one who would only testify the defendant was not at the scene of the crime?" We answer no and reverse.

On September 4, 2001, Detective Robson of the Coffeyville, Kansas, police department was investigating a house reported to be involved in drug trafficking. The house had been placed under surveillance prior to that date based on reports from neighbors. On this date, however, Robson arranged for an informant, Michelle Wilson, to attempt a controlled buy at the house. Wilson had been arrested for a DUI and had agreed to make controlled buys for the police department. She was considered credible by the police.

At 5 p.m., Wilson proceeded to the suspected drug house with two officers following. Wilson was "wired" so that her conversations could be audiotaped. After a brief conversation with several black males at curbside, one man left Wilson's car and returned with two rocks of cocaine. Wilson bought the rocks for $30. She left the house and returned to the police station.

Upon police questioning, Wilson indicated the man she received the cocaine from was "Jimmie." Robson attempted, but failed, to find anyone in the police department's computer database with that street name. Wilson described Jimmie as being taller than any of the other black males at the buy. Based on that factor and other

physical attributes described by Wilson, Robson compiled two photo lineups, each composed of six photos. Wilson picked Deffebaugh out of the second lineup.

On September 5, 2001, Robson and several other police officers executed a search warrant at the house. There were 11 black males, including Deffebaugh, in the house at the time of the raid. Deffebaugh was the tallest. All of the men were in the bedroom when the police entered the house. There were money and dice on the floor. Cocaine, guns, and other money were found in the house. Deffebaugh had $167 on his person at the time of his arrest.

At trial, Wilson testified for the State. She identified Deffebaugh as the man at the house who sold her cocaine on September 4, 2001. The audiotape of the drug buy was admitted into evidence.

Deffebaugh did not testify at trial. However, he called Calvin Shobe as a witness. Shobe was one of the 11 males in the house when the search warrant was executed. Shobe testified that all the men, including Deffebaugh, were involved in a dice game prior to the execution of the search warrant. The defense attorney attempted to ask Shobe if he recognized Deffebaugh's voice on the audiotape of the drug buy. At that point, the prosecutor objected and requested a bench conference. Shobe's testimony was going to be that the voice on the audiotape was not Deffebaugh's. Additionally, Shobe was prepared to testify that he was at the house during the drug buy on September 4, 2001, and Deffebaugh was not present at that time.

The prosecutor objected to Shobe's testifying that Deffebaugh was not present at the drug buy on the grounds that Shobe was not listed as an "alibi" witness. The trial court sustained the objection. The court allowed Shobe to testify that the voice on the audiotape was not Deffebaugh's. However, the trial court refused to permit Shobe to testify Deffebaugh was not present during the drug buy. The court categorized this as alibi testimony and refused to permit the testimony since the defense had failed to provide prior notice.

The jury convicted Deffebaugh of one count of sale of cocaine. The district court denied a motion for new trial and sentenced Deffebaugh to 22 months in prison. Deffebaugh brings this appeal.

Deffebaugh argues Shobe's statement should not have been considered alibi testimony. He explains that because Shobe would not have testified Deffebaugh was at some other specific place at the time of the crime, Shobe was not an alibi witness. The State contends Shobe was an alibi witness because by testifying Deffebaugh was not at the crime scene, the jury would "automatically conclude that he was somewhere else," thus triggering the statutory notice requirement.

As a general rule, the trial court's decision on the admission of evidence is reviewed under the abuse of discretion standard. *State v. Lumley*, 266 Kan. 939, 950, 976 P.2d 486 (1999). However, this issue also involves statutory interpretation. An appellate court is not bound by the district court's interpretation of a statute. *State v. Engles*, 270 Kan. 530, 532-33, 17 P.3d 355 (2001).

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute, even though words, phrases, or clauses at some place in the statute must be omitted or inserted." *State v. Gonzales*, 255 Kan. 243, Syl. ¶ 2, 874 P.2d 612 (1994). "In construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. [Citation omitted.]" *Petty v. City of El Dorado*, 270 Kan. 847, 852, 19 P.3d 167 (2001).

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

Notice of an alibi witness is required pursuant to K.S.A. 22-3218(1), which states:

"In the trial of any criminal action where the complaint, indictment or information charges specifically the time and place of the crime alleged to have been committed, and the nature of the crime is such as necessitated the personal pres-

ence of the one who committed the crime, *and the defendant proposes to offer evidence to the effect that he was at some other place at the time of the crime charged,* he shall give notice in writing of that fact to the prosecuting attorney except that no such notice shall be required to allow testimony as to alibi, by the defendant himself, in his own defense. *The notice shall state where defendant contends he was at the time of the crime, and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention."* (Emphasis added.)

The statute further provides that upon receipt of the defendant's proposed alibi witnesses, the State shall file the names of witnesses known to the prosecuting attorney who will rebut the defendant's alibi.

Whether a witness such as Shobe qualifies as an alibi witness has never been specifically addressed by a Kansas court. The Kansas Supreme Court has defined an alibi witness as one who "places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for the accused to be the guilty party." *State v. Pham,* 234 Kan. 649, 656, 675 P.2d 848 (1984). Courts have also stated that an alibi defense "consists only of evidence showing that the defendant was not present at the time or place of the crime." See *State v. Peters,* 232 Kan. 519, 520, 656 P.2d 768 (1983); *State v. Holloman,* 17 Kan. App. 2d 279, 290, 837 P.2d 826, *rev. denied* 251 Kan. 940 (1992). However, the only issue in these cases was whether a jury instruction should be given for an alibi defense. The court in these cases was not attempting to provide a definition of an alibi witness.

Cases from other states come closer to addressing the issue. However, none are directly on point because of differences in the statutory language. Probably the closest case is *State v. Volpone,* 150 N.J. Super. 524, 376 A.2d 199 (1977). In this case, the defendant was convicted of assault and battery arising from a fight between a number of young men. The defendant attempted to call as a witness one of the other young men who participated in the fight. The witness was going to testify that the defendant was not present during the fight. The trial court excluded the testimony on the ground that it constituted alibi testimony without prior notice.

The New Jersey Superior Court reversed. The court held the proffered testimony by a defense witness that the defendant was

not at the scene of the altercation did not constitute an alibi defense. The court noted that although testimony alleging the defendant was not at the scene of the crime inferentially suggests the defendant was elsewhere, it is not the type of testimony contemplated by the alibi rule. 150 N.J. Super. at 528. In explaining its ruling, the court stated:

"Proof offered by the defense that defendant was not at the scene of the crime does not disadvantage the State. The State fully appreciates from its initial investigation the necessity of placing defendant at the scene of the crime. The State, however, is disadvantaged when the defense offers proof that defendant was not at place 'A', the scene of the crime, but rather at place 'B' at the time. Under theses circumstances, the State is entitled to advance knowledge of the claim in order to investigate and attempt to disprove this allegation as part of its main case." 150 N.J. Super. at 528.

See also *State v. Anderson*, 18 S.W.3d 11, 16 (Mo. App. 2000) (testimony by an accused that he was not present at the scene of the crime, without the specification of a precise location, is not an "alibi"; rather, it is a mere denial); *People v. Fritz*, 84 Ill. 2d 72, 76-77, 417 N.E.2d 612 (1981) (to establish an alibi, the accused must show that he was at another specified place at the time the crime was committed; it is not enough for the accused to say he was not at the scene and must therefore have been elsewhere); *State v. Green*, 268 N.C. 690, 691-92, 151 S.E.2d 606 (1966) (to constitute an alibi, it must appear that the accused was at some other specified place at the time of the commission of the crime; a defendant's mere denial that he was at the place when the crime was committed is insufficient to justify the giving of an instruction on alibi). Finally, 21 Am. Jur. 2d, Criminal Law § 221 states: "To be successful, a defendant's alibi must cover the entire time when his or her presence was required for accomplishment of the crime, and not merely that the accused was not at the scene of the crime."

We agree with Deffebaugh that Shobe was not testifying as an alibi witness. Shobe's proffered testimony was that he was at the drug buy on September 4, 2001, and "Deffebaugh wasn't there." Shobe was not attempting to testify that Deffebaugh was at some other specific location at the time of the crime. We believe this is necessary to constitute alibi testimony under 22-3218(1).

The first sentence of 22-3218(1) provides that the defendant shall give written notice prior to trial if the defendant proposes to offer evidence that he was "at some other place" at the time of the crime. Arguably, by allowing Shobe to testify that Deffebaugh was not present at the drug buy, the jury would infer that Deffebaugh was "at some other place" at the time of the crime, thus triggering the notice provision.

However, the second sentence of 22-3218(1) is more specific. It provides that the notice shall state where the defendant contends he was at the time of the crime, and shall endorse the names of the witnesses the defendant proposes to use *in support of such contention*. Here, Shobe was not attempting to testify that Deffebaugh was at some other specific location at the time of the crime. If Shobe was, in fact, an alibi witness, it is difficult to discern how the defense would have complied with the notice requirement. The State argues that Shobe's proffered testimony required Deffebaugh to file a notice contending where Deffebaugh was at the time of the crime and to list witnesses in support of such contention. However, Shobe could not support this contention because he did not know Deffebaugh's location at the time of the crime. He could only testify that Deffebaugh was not at the crime scene.

Generally, the defendant in a criminal case is not required to endorse witnesses prior to trial. The alibi witness notice provision is an exception. The purpose of the alibi notice provision appears to be that if the defendant is going to offer a witness to testify that the defendant was at some other specific place at the time of the crime, the prosecution should be allowed to investigate this evidence and perhaps call rebuttal witnesses. Otherwise, at every criminal trial, the prosecution could be blindsided with specific defense evidence which the prosecution has no fair opportunity to rebut. See Note, *Talley v. State: A New Kansas Notice-of-Alibi Rule*, 26 Kan. L. Rev. 607, 608 (1978). In this case, requiring Deffebaugh to give notice of Shobe's testimony does not seem consistent with the purpose of the statutory provision. The State knew in advance the necessity of proving Deffebaugh was at the scene of the crime. Shobe's proffered testimony that Deffebaugh "was

not present" at the drug buy did not confront the State with any specific evidence to further investigate or attempt to rebut.

We hold the definition of alibi witness does not include one who would only testify the defendant was not at the scene of the crime. To be an alibi witness triggering the notice provisions of 22-3218(1), the witness must be prepared to testify the defendant was at some other specific location at the time of the crime charged. In this case, the trial court erred in determining Shobe was an alibi witness. We conclude the trial court abused its discretion by not permitting Shobe to testify that Deffebaugh was not present during the drug transaction.

Next, we must ask if the error was harmless. *State v. Thompkins*, 271 Kan. 324, 335, 21 P.3d 997 (2001), states:

"An error of constitutional magnitude is serious and may not be held to be harmless unless the appellate court is willing to declare a belief that it was harmless beyond a reasonable doubt. Thus, before we may declare the error harmless, we must be able to declare beyond a reasonable doubt that the error had little, if any, likelihood of having changed the result of the trial."

The constitutional right at issue here is the right to present a full and complete defense. See *State v. Irons*, 250 Kan. 302, Syl. ¶ 2, 827 P.2d 722 (1992). Even if a constitutional right is not implicated, when reviewing the erroneous admission or exclusion of evidence in a criminal case, the error is harmless only if no substantial right of the defendant is involved. *State v. Bornholdt*, 261 Kan. 644, 660, 932 P.2d 964 (1997). Under these standards, we are unable to conclude that the trial court's exclusion of Shobe's proffered testimony was harmless error.

We are aware that Deffebaugh has raised other issues concerning the racial makeup of his jury panel and also the alleged intimidation of jurors at trial. However, since we are already granting Deffebaugh a new trial based on the erroneous exclusion of evidence, we need not address the other issues raised in this appeal.

Reversed and remanded.

PIERRON, J.: concurring in part and dissenting in part:

I respectfully dissent from that portion of the majority opinion which finds that K.S.A. 22-3218(1) was not implicated in this case. K.S.A. 22-3218(1) reads:

"In the trial of any criminal action where the complaint, indictment or information charges specifically the time and place of the crime alleged to have been committed, and the nature of the crime is such as necessitated the personal presence of the one who committed the crime, and the defendant proposes to offer evidence to the effect that he was at some other place at the time of the crime charged, he shall give notice in writing of that fact to the prosecuting attorney except that no such notice shall be required to allow testimony as to alibi, by the defendant himself, in his own defense. The notice shall state where defendant contends he was at the time of the crime, and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention."

The majority contends that the second sentence negates the requirement of the first sentence because Deffebaugh was not attempting to prove that he was elsewhere through Shobe's testimony, just that he wasn't at the scene of the crime.

There are difficulties with this interpretation. Sentence one clearly defines alibi evidence as "evidence to the effect that he was at some other place at the time of the crime charged." The evidence sought to be introduced by Deffebaugh through someone other than himself was that he was "at some other place" because he was not at the scene of the crime.

The second sentence does not trump the first as it simply lists what information the notice of alibi must contain. It mentions no exception for eyewitnesses to the crime. This is significant because the statute *does* except from the requirement any alibi testimony to be presented by the defendant himself. The legislature knew how to make exceptions.

The majority seems to infer that the requirement to list where a defendant contends he was at the time of the crime and "the names of witnesses he proposes to use in support of such contention" can be defeated by simply declining to state where he was and refusing to present any witnesses, other than himself, as to where he was. This position appears to be based on the assertion that presenting evidence you were not there does not contend you were elsewhere. This is incorrect law and probably worse metaphysics.

Under our alibi statute, whose constitutionality is not challenged, Deffebaugh may present witnesses other than himself to support his contention of not being at the scene if he follows the procedure set out in the statute. He did not and the trial court was correct to rule as it did.

I dissent from that portion of the opinion which holds the trial court abused its discretion by so ruling.