No. 89,355

STATE OF KANSAS, *Appellee,* v. CHARLES R. DEFFEBAUGH, JR.,
*Appellant.*

(89 P.3d 582)

Opinion filed May 14, 2004.

*Rick Kittel,* assistant appellate defender, argued the cause and was on the brief for appellant.

*Linda E. DeWitt,* of Law Offices of Larry Markle, of Coffeyville, argued the cause, and *F. William Cullins,* county attorney, and *Phill Kline,* attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: Charles R. Deffebaugh, Jr., appeals his conviction for one count of selling cocaine. Deffebaugh's conviction resulted from a controlled purchase of two rocks of cocaine by a police informant who was cooperating with the Coffeyville police to avoid prosecution for a driving under the influence.

Before sending the informant to purchase the cocaine, the Coffeyville police searched the informant to verify that she had no drugs on her person or in her car. An officer attached a listening device under the informant's clothing so officers could monitor the controlled purchase. After recording the serial number for each bill, an officer gave the informant $30 for purchasing cocaine.

The informant drove to a house that Coffeyville police had been observing for drug activity and parked her car along the curb. Officers followed the informant to the location of the purchase and observed the transaction from a distance to avoid being detected. Four black males approached the informant's car. The officers were too far away to visually identify the men, but Detective Robson recognized two voices over the audio transmitter, one being that of Calvin Shobe.

The informant, who was not familiar with any of the men at her car, provided the officers with a description of the man named "Jimmie" who had taken her money and given her two rocks of cocaine. Based on the informant's description, Detective Robson prepared two photo lineups and showed them to the informant within 24 hours of the controlled purchase. The informant did not select any of the pictures in the first photo array but selected Deffebaugh's photo from the second photo array without hesitation.

Within 24 hours of the controlled purchase, Detective Robson obtained a search warrant for the house associated with the controlled purchase. When the warrant was executed, the police found Deffebaugh and 10 other black males in the house, along with cash, cocaine, and guns. Deffebaugh claimed ownership of some of the money found on the floor, including one of the marked bills from the controlled purchase.

At trial, Deffebaugh called Shobe to testify that Shobe was present at the controlled purchase but Deffebaugh was not there. The State objected to Shobe's testimony, claiming that Deffebaugh

failed to give notice of an alibi defense. The trial court prohibited Shobe from testifying that Shobe was present at the controlled purchase but that Deffebaugh was not there.

A jury convicted Deffebaugh of one count of selling cocaine. Concluding that the trial court erroneously excluded Shobe's testimony, the Court of Appeals reversed Deffebaugh's conviction and ordered a new trial. *State v. Deffebaugh*, 31 Kan. App. 2d 1030, 77 P.3d 1277 (2003). We granted the State's petition for review.

The State argues that the trial court correctly prohibited Shobe from testifying regarding Deffebaugh's presence at the drug sale. The State contends that Shobe's testimony falls squarely under K.S.A. 22-3218, which requires a defendant to provide notice before offering evidence of an alibi. To resolve this issue, we must interpret K.S.A. 22-3218. The interpretation of a statute is a question of law over which this court has unlimited review. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

As a fundamental rule of statutory interpretation, the court must look for the legislature's intent. The court presumes that the legislature expressed its intent through the language of the statutory scheme. If the language is plain and unambiguous, the court must give effect to the language as written without determining what the law should or should not be. *State v. Gordon*, 275 Kan. 393, 397, 66 P.3d 903 (2003).

Courts should construe statutes to avoid unreasonable results, presuming that the legislature does not intend to enact useless or meaningless legislation. Courts must give effect, if possible, to the entire act. In that regard, the court has a duty, as far as practicable, to reconcile the different provisions, making them consistent, harmonious, and sensible even though words, phrases, or clauses at some place in the statute must be omitted or inserted. *State v. Brown*, 272 Kan. 843, 847, 35 P.3d 910 (2001).

K.S.A. 22-3218 provides in pertinent part:

"(1) In the trial of any criminal action where the complaint, indictment or information charges specifically the time and place of the crime alleged to have been committed, and the nature of the crime is such as necessitated the personal presence of the one who committed the crime; and the defendant *proposes to offer evidence to the effect that he was at some other place* at the time of the crime

charged, he shall give notice in writing of that fact to the prosecuting attorney except that no such notice shall be required to allow testimony as to alibi, by the defendant himself, in his own defense. *The notice shall state where defendant contends he was at the time of the crime, and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention.*

"(2) On due application, and for good cause shown, the court may permit defendant to endorse additional names of witnesses on such notice, using the discretion with respect thereto applicable to allowing the prosecuting attorney to endorse names of additional witnesses on an information. The notice shall be served on the prosecuting attorney at least seven days before the commencement of the trial, and a copy thereof, with proof of such service, filed with the clerk of the court. For good cause shown the court may permit notice at a later date.

. . . .

"(4) Unless the defendant gives the notice as above provided he shall not be permitted to offer *evidence to the effect that he was at some other place at the time of the crime charged.*" (Emphasis added.)

Although the defense does not generally have to disclose the names of defense witnesses prior to trial, the disclosure of alibi witnesses is an exception to that rule. *State v. Coleman*, 253 Kan. 335, 347, 856 P.2d 121 (1993); *State v. Bright*, 229 Kan. 185, 192, 623 P.2d 917 (1981). The purpose of K.S.A. 22-3218 is to protect the State from last minute, easily fabricated defenses. *State v. Claiborne*, 262 Kan. 416, 423, 940 P.2d 27 (1997). The notice requirement allows the State to investigate and call rebuttal witnesses if necessary.

Kansas case law has not addressed the question of what is an alibi subject to the notice provisions of K.S.A. 22-3218. Dicta in prior Kansas cases has established two definitions for "alibi" without relying on or interpreting the language of K.S.A. 22-3218. In *State v. Pham*, 234 Kan. 649, 656, 675 P.2d 848 (1984), this court distinguished an alibi defense from a general denial by noting that "[a]n alibi places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for the accused to be the guilty party." This definition for "alibi" relied on Black's Law Dictionary. 234 Kan. at 656 (see Black's Law Dictionary 66 [5th ed. 1979]).

Dicta in other Kansas cases provides a broader definition for alibi taken from PIK Crim. 52.19, which noted that an instruction is not necessary for the alibi defense because it "is not an affir-

mative defense, as is entrapment or insanity; it consists only of evidence showing that the defendant was not present at the time or place of the crime." *State v. Peters*, 232 Kan. 519, 520, 656 P.2d 768 (1983) (concluding that courts need not instruct on alibi as an affirmative defense); see also *State v. McIver*, 257 Kan. 420, 431, 902 P.2d 982 (1995) (considering whether to give an instruction on an affirmative defense); *State v. Holloman*, 17 Kan. App. 2d 279, 290, 837 P.2d 826, *rev. denied* 251 Kan. 940 (1992) (analyzing whether court erred in not giving an instruction on an alibi defense).

K.S.A. 22-3218 is ambiguous. In the first sentence, the statute defines alibi as "evidence to the effect that [the accused] was at some other place at the time of the crime charged." By using the phrase "to the effect that," the legislature does not limit alibi evidence to direct testimony but includes evidence that raises an inference that the accused was at some other place. The State is relying on this inference as the basis for its argument that Shobe's proposed testimony is alibi evidence. Even though there is no direct evidence of where Deffebaugh was at the time of the drug sale, Shobe's testimony that Deffebaugh was not there infers that Deffebaugh was at some other place.

The State's argument, however, overlooks the language in the second sentence of the statute, which provides that "[t]he notice shall state where defendant contends he was at the time of the crime, and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention." K.S.A. 22-3218. This sentence appears to limit alibi evidence to direct evidence that the defendant was at another specific place. Otherwise, the defendant cannot state where he contends he was in the notice.

The Court of Appeals resolved the ambiguity in K.S.A. 22-3218 by placing more emphasis on the second, more specific sentence in 22-3218(1). *State v. Deffebaugh*, 31 Kan. App. 2d at 1036. It concluded that Shobe was not an alibi witness under K.S.A. 22-3218 because Shobe could not testify regarding Deffebaugh's specific whereabouts at the time of the drug sale. Instead of treating Shobe as an alibi witness, the Court of Appeals concluded that Shobe was an eyewitness and so his identity and testimony did not

have to be disclosed prior to trial. Based on that analysis, the Court of Appeals reversed Deffebaugh's conviction, holding that the trial court erroneously prohibited Shobe from testifying as an eyewitness. We agree with the Court of Appeals.

The Court of Appeals decision is supported by a historical analysis of the word "alibi." When interpreting statutes, courts must give ordinary words their ordinary meanings. *State v. Lopez*, 271 Kan. 119, 139, 22 P.3d 1040 (2001). In Latin, the meaning of alibi is literally "somewhere else." The word "alibi" was first used in the English language in the legal context as an adverb meaning "elsewhere." By the end of the 18th century, the word "alibi" was used as a noun meaning a "plea of being elsewhere at the time of a crime." Ayto, Dictionary of Word Origins, 17 (1st Paperback ed. 1993).

Other states limit the alibi defense to evidence that the defendant was at another specific place at the time of the crime. See, *e.g.*, *People v. Fritz*, 84 Ill. 2d 72, 76-78, 417 N.E.2d 612 (1981) (concluding that "there is a difference between attempting to prove that a defendant was in some definite place other than where the crime occurred, and attempting to prove that the defendant was not at the scene of the offense at the time it allegedly occurred"); *State v. Anderson*, 18 S.W.3d 11, 16 (Mo. App. 2000) (distinguishing the defenses of alibi and denial by noting that testimony showing the defendant was not present at the scene of the crime, without specification of the defendant's precise location, is not an alibi, but a mere denial); *State v. Green*, 268 N.C. 690, 692, 151 S.E.2d 606 (1966) (stating that "a defendant's mere denial that he was at the place when the crime was committed is insufficient to justify the giving of an instruction on alibi"); *Commonwealth v. Johnson*, 538 Pa. 148, 151, 646 A.2d 1170 (1994) (defining alibi as "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party"); *Commonwealth v. McQueen*, 178 Pa. Super. 38, 41, 112 A.2d 820 (1955) (stating: "What is known in law as an alibi is an attempt by the defendant to prove that he *could not* have been at the scene of the crime *because* he was at some other definite place."); *State v. Ovitt*, 126

Vt. 320, 327-28, 229 A.2d 237 (1967) (concluding that evidence which merely rebuts the State's evidence is not alibi evidence unless it attempts to prove that the defendant was at "a place so distant from the scene of the offense that his participation in the crime was impossible").

Two states have addressed facts similar to those in this case. In *Fritz*, the Illinois Supreme Court reversed the defendant's conviction for indecent liberties with a child. The trial court had ruled that the defendant was attempting to introduce alibi testimony without proper notice. The alleged offense occurred in the home that the defendant shared with his wife, and the wife testified that the defendant was not home when the offense allegedly occurred. The *Fritz* court distinguished between attempting to prove that the defendant was at some other definite place and attempting to prove that the defendant was not at the scene of the crime. 84 Ill. 2d at 78. In determining that the wife's testimony was not an alibi, the *Fritz* court stated:

"[A] defendant may introduce the testimony of an occurrence witness that the witness did not see the defendant at the time and place in question. Such testimony is elicited to rebut the State's case. It is not designed to establish that a defendant was at any other definite place." 84 Ill. 2d at 78.

In *State v. Volpone*, 150 N.J. Super. 524, 376 A.2d 199 (1977), the defendant was charged with assault and battery following a fight involving baseball bats. At his trial, the defendant attempted to introduce testimony from one of the fight participants that the defendant was not there when the fight occurred. The trial court excluded the testimony because the defendant had not provided the statutory notice of an alibi defense to the prosecution. The appellate court concluded that the exclusion was improper and ordered a new trial. 150 N.J. Super. at 529, 531.

The *Volpone* court relied on the purpose of the notice statute — eliminating the surprise from alibi testimony during trial. According to the *Volpone* court, the State knows that it must prove that the defendant was present at the scene of the crime. Consequently, the State's investigation encompasses the premise that the defendant was present, and the State is not surprised by evidence

that the defendant was not present at the scene of the crime. However, the State cannot investigate evidence that the defendant was in another definite place unless the defendant provides notice of where he claims to have been in advance of trial. Because the State was not surprised by the participant's testimony that the defendant was not there during the fight, the testimony was not for the purpose of an alibi, but was merely a rebuttal of the State's evidence placing the defendant at the scene. 150 N.J. Super. at 528.

When considering the *Fritz* and *Volpone* decisions, we note that K.S.A. 22-3218 is significantly different than the alibi notice statutes in either Illinois or New Jersey, which use the word "alibi" in the statute without providing a definition. See Ill. S. Ct. R. 413(d); N.J. Rules of Court § 3:12-2 (West 2004); however, neither the *Fritz* court nor the *Volpone* court relied on the statutory language for its analysis. See *Fritz*, 84 Ill. 2d at 76-79; *Volpone*, 150 N.J. Super. at 528-29. Both the *Fritz* court and the *Volpone* court relied on the common usage of the word "alibi" as meaning "elsewhere." See *Fritz*, 84 Ill. 2d at 76; *Volpone*, 150 N.J. Super. at 528. Moreover, both courts characterized the eyewitness testimony as a rebuttal to the State's claim that the defendant was present at the scene of the crime rather than an affirmative claim requiring additional investigation.

Although the statutory language is different, we agree with the analysis of the *Fritz* and *Volpone* courts. In this case, the State knew it had the burden of proving that Deffebaugh was present when the drug sale occurred. To meet its burden, the State introduced eyewitness testimony from the informant who performed the controlled buy identifying Deffebaugh as the person who sold her cocaine. Detective Robson observed the drug transaction and knew that there were four black males present at the informant's car. Detective Robson also recognized Shobe's voice on the audiotape made during the transaction. Shobe was one of the 11 men arrested when the search warrant was issued and Deffebaugh was arrested. The State knew that Shobe was present at the drug transaction. The State had an opportunity to interview Shobe when he was arrested with Deffebaugh. The record, however, does not establish whether the State interviewed Shobe regarding the drug

transaction before Deffebaugh's trial. These facts do not support the conclusion that Shobe's testimony as an eyewitness was a surprise to the State or that the State needed time to investigate Shobe's statement. Consequently, there is no reason to exclude Shobe's eyewitness testimony simply because he would have testified that Deffebaugh was not there.

When the statutory language of K.S.A. 22-3218 is considered as a whole and interpreted so as to be consistent, harmonious, and sensible, the statute requires a defendant to provide notice when he or she intends to introduce evidence that he or she was at some other specific place during the time of the crime. K.S.A. 22-3218 does not require a defendant to provide notice when he or she intends to introduce eyewitness testimony regarding his or her presence at the scene of the crime. This interpretation is consistent with the ordinary usage of the word "alibi" and the purpose of the statute. The broader interpretation asserted by the State does not harmonize the language of the statute, consider the ordinary usage of the word "alibi," or incorporate the legislative purpose behind the statute's enactment. Accordingly, we affirm the Court of Appeals decision reversing the district court's interpretation of K.S.A. 22-3218 and remand the matter for a new trial.

In the alternative, the State claims that the erroneous exclusion of Shobe's testimony is harmless error. When reviewing the erroneous exclusion of evidence, the error is harmless if it does not affect any of the defendant's substantial rights. *State v. Albright*, 271 Kan. 546, 556, 24 P.3d 103 (2001). An appellate court must scrutinize each case in light of the whole record to determine whether the error is harmless. *State v. Navarro*, 272 Kan. 573, 584, 35 P.3d 802 (2001).

In this case, the exclusion of Shobe's testimony directly impinged on Deffebaugh's right to call witnesses in his defense, thereby affecting Deffebaugh's constitutional right to a fair trial under the Sixth Amendment to the United States Constitution. When an error is of a constitutional magnitude, the error may not be held harmless unless the appellate court is willing to declare beyond a reasonable doubt that the error had little, if any, likelihood of

changing the result of the trial. *State v. Thompkins*, 271 Kan. 324, 335, 21 P.3d 997 (2001).

The evidence against Deffebaugh consisted of the informant's identification and the marked money that was found near Deffebaugh and claimed by him. Although the informant identified Deffebaugh in a photographic lineup, she was not independently familiar with Deffebaugh or any of the other men that approached her car during the drug transaction. The police observing the transaction saw four men near the informant's car but were unable to identify the seller. Deffebaugh claimed that he had been misidentified. Deffebaugh also contradicted the State's claim that the marked money tied him to the drug sale by introducing evidence that Deffebaugh was involved in a dice game when the warrant was executed and that money was changing hands.

The evidence against Deffebaugh was not of such a direct and overwhelming nature that the court can conclude beyond a reasonable doubt that Shobe's testimony would not have changed the result of the trial. Consequently, the exclusion of Shobe's testimony is not harmless error. We remand the matter to the district court for a new trial.

The judgment of the Court of Appeals is affirmed. The judgment of the district court is reversed, and the matter is remanded for a new trial.