NOT DESIGNATED FOR PUBLICATION

No. 126,352

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PHILLIP J. CASTRO,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL KLAPPER, judge. Submitted without oral argument. Opinion filed May 24, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kayla Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., ISHERWOOD and PICKERING, JJ.

ISHERWOOD, J.: Phillip J. Castro appeals to this court after the district court summarily denied his K.S.A. 60-1507 motion. Castro's motion raised six claims of ineffective assistance of trial counsel and three such claims against his appellate counsel. The district court dispensed with the complaints against trial counsel after determining they were trial errors that should have been raised on direct appeal and rejected Castro's complaints with his appellate counsel as conclusory and lacking any evidentiary foundation. In seeking our review, Castro contends the district court erred in characterizing his issues as trial errors and in failing to grant an evidentiary hearing to

flesh out his claim that trial counsel was deficient in failing to pursue an alibi defense. Following a careful analysis of Castro's contention in conjunction with a thorough review of the record, we conclude that summary denial of Castro's K.S.A. 60-1507 motion was appropriate and, thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Castro was convicted of criminal discharge of a firearm at an occupied dwelling, aggravated battery, and criminal possession of a firearm by a convicted felon, for crimes committed in October 2012, and is currently serving a 206-month prison sentence. Castro ultimately filed a K.S.A. 60-1507 motion to challenge the representation he received from counsel during his trial and on direct appeal. His specific claims consisted of the following:

(1) Trial counsel neglected to pursue a misidentification defense and appellate counsel failed to raise the issue on direct appeal;

(2) Trial counsel failed to file a motion to suppress property of Castro's that was collected from the home of his codefendant following a search of that residence that was neither valid through a properly obtained warrant or the homeowner's consent;

(3) Trial counsel never obtained a pretrial competency evaluation for Castro and appellate counsel neglected to pursue the issue as part of his direct appeal;

(4) Trial counsel failed to timely investigate Castro's alibi claim and never called an alibi witness;

(5) Trial counsel neglected to obtain a drug use expert to discredit the State's primary witnesses; and

(6) Trial counsel failed to object to the chain of custody for bullets found at the crime scene and in Castro's shoe. Appellate counsel declined to raise the issue on direct appeal.

2

The State responded and argued that Castro's complaints concerning trial counsel's representation constituted mere trial errors that he should have raised on direct appeal. As for the contention that his appellate counsel likewise rendered deficient representation, the State countered that it was well within that attorney's discretion to avoid pursuing weak issues on direct appeal. The district court summarily denied Castro's motion on the grounds that the claims against his trial counsel amounted to trial errors that should have been raised on direct appeal and those involving appellate counsel were merely conclusory and lacked any evidentiary support.

Castro now brings his case before our court for a determination of whether the district court erred in summarily denying his K.S.A. 60-1507 motion.

LEGAL ANALYSIS

*Summary denial of Castro's K.S.A. 60-1507 motion was appropriate.*

*Standard of Review*

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motions, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

When a district court summarily dismisses a K.S.A. 60-1507 motion, as it did here, appellate courts conduct a de novo review to determine whether the motion, files,

3

and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*General Rules*

To establish a claim of ineffective assistance of counsel, Castro carries the burden to show that (1) his counsel's performance was less than that guaranteed by the Sixth Amendment to the United States Constitution, and (2) that he suffered prejudice as a result of counsel's deficient performance. *Bellamy v. State*, 285 Kan. 346, 356, 172 P.3d 10 (2007). Under the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 675 (1984). To fulfill the second prong, the defendant must establish there is a reasonable probability that, but for counsel's subpar representation, the result of the proceeding would have been different. *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 (2012). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.'" 294 Kan. at 838.

When analyzing the first prong of the test, judicial scrutiny of counsel's performance must be highly deferential. A court must strongly presume that defense counsel's conduct fell within the wide range of reasonable professional assistance, meaning that the defendant must overcome the strong presumption that, under the circumstances, counsel's action might be considered sound trial strategy. *Khalil-Alsalaami v. State*, 313 Kan. 472, 486, 486 P.3d 1216 (2021). A defendant can rebut the presumption "by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986).

*Castro failed to preserve all but one of his ineffective assistance of counsel claims.*

Castro's brief to our court consists of two major arguments. First, he asserts that the district court erroneously dismissed his claims against trial counsel as trial errors that may only be raised on direct appeal. Second, he reiterates his claim that trial counsel was ineffective for failing to pursue an alibi defense. Notably absent from Castro's brief are any factual details or arguments concerning the five other allegations of ineffective assistance of trial counsel that appeared in his K.S.A. 60-1507 motion. Additionally, he advised that the district court's ruling concerning his complaints involving appellate counsel "will not be challenged."

Kansas appellate courts consider issues not briefed as waived or abandoned. *State v. Willis*, 312 Kan. 127, 146, 475 P.3d 324 (2020). Accordingly, we find that Castro has abandoned every ineffective assistance claim against his trial counsel except one, that trial counsel failed to pursue an alibi defense, and likewise intentionally discarded each of the ineffective assistance claims levied against his appellate counsel.

In denying Castro's K.S.A. 60-1507 motion, the district court classified Castro's claims as trial errors that were outside the bounds of a K.S.A. 60-1507 motion as they should have been included among the issues he raised on direct appeal and cited Kansas Supreme Court Rule 183(c)(3) (2024 Kan. S. Ct. R. at 240) as support for its conclusion. On appeal, Castro argues that determination was erroneous because, typically, ineffective assistance of counsel claims cannot be raised for the first time on direct appeal.

Castro is correct. The claims at issue here are pure ineffective assistance of counsel claims, grounded in challenges to counsel's failure to perform, rather than the types of trial errors contemplated by Rule 183. The "trial error" language used in that rule contemplates rulings entered by the district court during the course of the underlying

5

proceedings, not the representation rendered by counsel such as that which Castro challenged.

Our inquiry into Castro's case does not end with this conclusion. This finding, coupled with our de novo review, would normally pave the way for consideration of the merits of his ineffective assistance of counsel claims. When, as here, the district court denies a K.S.A. 60-1507 motion based only on the motions, files, and records of the case, the appellate court is in just as good a position as the district court to consider the merits of the claims. See *Beauclair*, 308 Kan. at 293. But again, on appeal Castro unequivocally abandoned five of the six ineffective assistance of counsel claims that provided the foundation for his motion. Thus, there are not any merits associated with those claims for us to consider.

Turning to the singular claim that Castro preserved, that an evidentiary hearing is necessary to resolve his contention that the manner in which counsel handled Castro's alleged alibi defense fell below the objective standard of reasonableness and he suffered prejudice as a result, we find that his requested relief is not warranted.

Castro alleged in his motion that he was getting a haircut at the time of the crime and that purportedly trial counsel was aware of the alibi witness who cut Castro's hair but failed to investigate this lead until two days before trial. Generally, a defendant must provide notice to the prosecution at least seven days before trial when he or she intends to introduce alibi evidence. K.S.A. 22-3218(2); see *State v. Deffebaugh*, 277 Kan. 720, 728, 89 P.3d 582 (2004) ("[T]he statute requires a defendant to provide notice when he or she intends to introduce evidence that he or she was at some other specific place during the time of the crime."). Thus, since trial counsel supposedly failed to investigate Castro's alibi in a timely manner, it was impossible to file a timely notice of alibi defense, precluding Castro from pursuing that defense at trial.

6

The Kansas Supreme Court has routinely said that "strategic and tactical decisions," including the decision of which witnesses to call, are within the "exclusive province of [defense counsel] after consultation with [their] client." *Winter v. State*, 210 Kan. 597, Syl. ¶ 2, 502 P.2d 733 (1972); see also *Flynn v. State*, 281 Kan. 1154, 1165, 136 P.3d 909 (2006) ("Even though experienced attorneys may disagree on the best tactics or strategy, deliberate decisions based on strategy may not establish ineffective assistance of counsel."). Likewise, "'strategic decisions made by trial counsel based on a thorough investigation are virtually unchallengeable.'" *Fuller v. State*, 303 Kan. 478, 488, 363 P.3d 373 (2015).

The decision to claim an alibi defense, however, is unlike other strategic trial decisions. As Castro points out:

> "When a defendant claims to have an alibi, the defense counsel's failure to investigate, contact witnesses, or provide notice of alibi witnesses constitutes deficient performance. . . . *Shumway v. State*, 48 Kan. App. 2d 490, 497-500, 293 P.3d 772 (2013) (failure to call alibi witnesses to testify); *State v. James*, 31 Kan. App. 2d 548, 552-54, 67 P.3d 857 (2003) (failure to subpoena alibi witness); *State v. Thomas*, 26 Kan. App. 2d 728, 731-32, 993 P.2d 1249 (1999) (failure to file a notice of alibi); *State v. Sanford*, 24 Kan. App. 2d 518, 948 P.2d 1135 (1997) (failure to contact alibi witnesses)." *State v. Alvis*, No. 122,269, 2021 WL 4703871, at *3 (Kan. App. 2021) (unpublished opinion).

Additionally, "[p]art of the duty to make reasonable investigations includes the duty to investigate completely the details of a defendant's alibi." *LaPointe v. State*, 42 Kan. App. 2d 522, 542, 214 P.3d 684 (2009). "Where defense counsel conducts a thorough investigation and concludes, as a matter of strategy, not to call alibi witnesses, counsel's representation is presumed reasonable." *Alvis*, 2021 WL 4703871, at *3.

But Kansas courts have also stated that to warrant an evidentiary hearing, a motion under K.S.A. 60-1507 must list readily available sources of evidence that support the

facts alleged in the motion. *State v. Holmes*, 278 Kan. 603, 629, 102 P.3d 406 (2004). That is, "[t]he motion must set forth a factual background, names of witnesses, or other sources of evidence demonstrating movant's entitlement to relief." 278 Kan. at 629.

Here, Castro failed to meet his burden to outline the sources of evidence which buttress the facts alleged in his motion. At no point does he identify or provide any other critical information about the alibi witness who was allegedly cutting his hair at the time of the crime or the location where that service was provided. Nor does he offer the names of any other witnesses who can corroborate his assertion. Therefore, under the rule explained in *Holmes*, Castro is not entitled to an evidentiary hearing for his claim that trial counsel was ineffective for failing to pursue an alibi defense and, as a result, summary denial of his motion is appropriate.

Affirmed.

\* \* \*

PICKERING, J., dissenting: Respectfully, I dissent because the district court did not rule on the merits regarding the trial errors; thus, we have no basis for review. See *Rowland v. State*, 289 Kan. 1076, 1086-87, 219 P.3d 1212 (2009) (reversing and remanding for consideration of defendant's K.S.A. 60-1507 ineffective assistance of counsel claim because "claim did not receive the complete review it was due during his direct appeal"); *Parks v. State*, No. 123,722, 2022 WL 3135315, at \*3 (Kan. App. 2022) (unpublished opinion) (remanding for further consideration when district court failed to consider issues raised in direct appeal and erroneously dismissed 60-1507 motion as successive); *Davis v. State*, No. 110,387, 2014 WL 1302636, at \*4 (Kan. App. 2014) (unpublished opinion) (finding district court erred by denying defendant's ineffective assistance of counsel claims as successive and remanding because "the district court should have considered the merits of those arguments and provided legal conclusions

regarding whether Davis has established entitlement to relief under K.S.A. 60-1507[b]."). Therefore, I would remand to the district court for a ruling on Castro's claim as required under K.S.A. 60-1507(b).