147 N.J. Super. 47 (1977)
370 A.2d 531
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BRADFORD MOORE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1977.
Decided January 31, 1977.
*49 Before Judges LORA, CRANE and MICHELS.
Mr. Joseph P. Rem, Jr., Assistant Prosecutor, argued the cause on behalf of appellant (Mr. Burrell Ives Humphreys, Passaic County Prosecutor, attorney).
Mr. Stanley C. Van Ness, Public Defender, attorney for respondent, submitted brief (Ms. Cynthia M. Jacob, Assistant Deputy Public Defender, of counsel and on the brief).
PER CURIAM.
Defendant was indicted for entering the premises of the Paterson Crystal Company with intent to steal, in violation of N.J.S.A. 2A:94-1. He was also charged with the larceny of goods of the value of less than $200, in violation of N.J.S.A. 2A:170-30.1.
After the trial before a jury began, the prosecutor learned for the first time that a conversation had taken place between the owner of the business and defendant at police headquarters. The prosecutor represented that in the conversation the owner asked defendant, an employee of the business, "Why did you do this?" to which defendant replied, "I was stupid." Upon learning of the conversation, the prosecutor immediately informed defense counsel and the judge of its *50 contents. Before calling the owner, Samuel Cohen, to the stand, the prosecutor made an offer of proof of the conversation. Defense counsel objected to the introduction of defendant's inculpatory statement on the ground that it was not furnished in discovery. The judge sustained the objection and stated that the statement would not be admitted.
No mention of the inculpatory statement was elicited from Cohen during his direct examination or cross-examination. However, during recross examination the following exchange took place:
Q. Mr. Cohen, you didn't observe Mr. Moore there at any time on the occasion of the break, did you? I mean while it was in progress?
A. I came there after the place had been broken into.
Q. Right, okay. You don't know if Mr. Moore was there or not?
A. Pardon me?
Q. You don't know if Mr. Moore was there illegally or not do you? You're not telling us that he was there illegally `cause you don't know? Do you understand the question, sir?
A. Well I can volunteer something that occurred afterwards but I don't think I can.
THE COURT: The jury will completely disregard that statement by Mr. Cohen.
Mr. Cohen, if you don't understand the question just say so. If you can't answer it say you can't.
THE WITNESS: Would you repeat the question please  I did not observe Mr. Moore during the time of the break-in.
The jury was then excused and after hearing the argument of counsel the judge granted defendant's motion for a mistrial. He further ordered that the State would be precluded from having Mr. Cohen testify to the statement allegedly made by the defendant to him. The judge then proceeded to excoriate Cohen for what he characterized as the equivalent of a contempt of court. A formal order was subsequently entered excluding the oral statement of the defendant upon a retrial.
Our review of the transcript of testimony persuades us that there was no dereliction on the part of the prosecutor. The revelation of the prosecutor to defense *51 counsel and the judge of the newly learned admission of defendant was an appropriate exercise of the prosecutor's continuing responsibility of disclosure under R. 3:13-3(f). Since no issue was raised as to whether appropriate warnings had been given and no contention was raised as to its voluntary nature, the utterance of defendant, "I was stupid," was admissible as a statement inconsistent with innocence and indicating a consciousness of guilt. State v. Rechtschaffer, 70 N.J. 395, 413 (1976); Evid. R. 63(7). Generally speaking, trials should be conducted in a manner which seeks to ascertain the truth, not as an exercise in gamesmanship. State v. Laganella, 144 N.J. Super. 268, 281 (App. Div. 1976). See Evid. R. 5. All relevant evidence should generally be admitted. Evid. R. 7(f). Exclusion of the testimony on the ground that the discovery rights of defendant were violated was not warranted. Mindful of the general policy of admissibility, the judge should have availed himself of other means of protecting defendant from surprise. Ample protection of defendant's interest could have been achieved by according defense counsel an opportunity to interview the complaining witness, by granting a brief continuance, or by some other procedure which would have permitted defense counsel to prepare to meet the evidence.
However, even if we were to assume that the judge's ruling foreclosing admission of defendant's declaration was an appropriate exercise of discretion under R. 3:13-3(f), we are not persuaded that the granting of defendant's motion for a mistrial was proper. Such an extraordinary remedy should not be exercised except to prevent an obvious failure of justice. State v. Hubbard, 123 N.J. Super. 345, 351 (App. Div. 1973), certif. den. 63 N.J. 325 (1953); State v. Provoid, 110 N.J. Super. 547, 558 (App. Div. 1970); State v. Neff, 67 N.J. Super. 213, 226 (App. Div. 1961). The statement of the witness that he could volunteer something that occurred afterwards, but didn't think that he could, was provoked by defense counsel's continuing probing recross examination which transgressed the bounds of necessity. State *52 v. Metalski, 116 N.J.L. 543, 546 (E. & A. 1936); Power-Matics, Inc. v. Ligotti, 79 N.J. Super. 294, 301 (App. Div. 1963). We do not regard the statement of the witness as being contemptuous in any sense. Nor do we think that it was appropriate for the court to have censured the witness. See State v. Zwillman, 112 N.J. Super. 6, 21 (App. Div. 1970), certif. den. 57 N.J. 603 (1971); State v. Guido, 40 N.J. 191 (1963).
Nevertheless, having granted a mistrial, the judge should not have prohibited the introduction of defendant's admission at a later trial. The ruling of the trial judge on the admissibility of the admission did not become the "law of the case." State v. Hale, 127 N.J. Super. 407 (App. Div. 1974). There is no reason to suppose that at a second trial defense counsel would not have had an adequate opportunity to learn all he needed to know about defendant's purported admission. The exclusionary order was an unwarranted involvement on the part of the judge in matters primarily relating to the trial strategy of counsel. Cf. State v. Pratts, 71 N.J. 399 (1976).
The order excluding the oral statement of defendant is reversed.