150 N.J. Super. 524 (1977)
376 A.2d 199
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LAWRENCE VOLPONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 13, 1977.
Decided June 21, 1977.
*526 Before Judges FRITZ, ARD and PRESSLER.
Mr. Dennis L. McGill, attorney for the appellant.
Mr. William F. Hyland, Attorney General, attorney for the respondent (Mr. Barry T. Albin, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Tried to a jury, defendant was convicted of atrocious assault and battery (N.J.S.A. 2A:90-1) and sentenced to an indeterminate term with a maximum of seven years.
He appeals, asserting that (1) he was denied his right to call a witness in his own defense as a result of the trial judge's refusal to permit a participant, a previously adjudicated delinquent for the same offense, to testify in his behalf, and (2) he was denied his right to due process in a fair trial by the judge's refusal to admit evidence obtained by law enforcement authorities during the investigation of the offense, which evidence was both material and relevant.
*527 A brief review of the facts is necessary. The State adduced proof that on June 27, 1974 a fight occurred among a number of young men in Jersey City. Testimony indicated that defendant took two baseball bats out of the trunk of his car, giving one to J.A., a juvenile, and keeping one for himself. They then attacked the victim, striking him several times with the baseball bats and inflicting severe head injuries.
Defendant testified that, although in the neighborhood, he was several blocks away in front of a candy store at the time of the assault. He denied having any baseball bats or participating in any manner other than to give the juvenile and others a ride in his car when they appeared at the candy store. He further testified he had no knowledge of anyone being beaten with a baseball bat.
The prime issue is whether the trial court erred in denying defendant's request to have the juvenile J.A. testify on his behalf because defendant failed to comply with the notice of alibi rule, R. 3:11-1.
Admittedly, defendant never gave the prosecutor any bill of particulars claiming an alibi defense before trial. On September 24, 1975, the first day of trial, defense did give the prosecutor a written statement by the juvenile dated August 13, 1974. J.A. had been tried as a juvenile and adjudicated a delinquent for the baseball bat offense sometime between October and December 1974. The statement denied that defendant was present during the altercation and completely exculpated him from any participation in the crime. A week later, on October 2, 1975, the prosecutor advised the judge that he would object to defendant calling the juvenile as a witness because defendant had failed to comply with R. 3:11-1, which requires notice of an alibi defense to be given the State. Defendant argued that the juvenile's testimony could not be classified or characterized as alibi testimony. The judge, however, ruled that the testimony did constitute an alibi and precluded the juvenile from being a witness for the defense.
*528 We disagree. In asserting the defense of alibi a defendant is alleging he was elsewhere at the time the crime was committed and, therefore, could not commit it. Although testimony alleging that a defendant was not at the scene of the crime inferentially suggests defendant was elsewhere, it is not the type of testimony contemplated by our alibi rule.
In State v. Baldwin, 47 N.J. 379 (1966), cert. den. 385 U.S. 980, 87 S.Ct. 527, 17 L.Ed.2d 442 (1966), the late Chief Justice Weintraub, in discussing alibi, stated:
* * * In calling upon a defendant to reveal a claim of that kind before trial, our rule is designed "to avoid surprise at trial by the sudden introduction of a factual claim which cannot be investigated unless the trial is recessed to that end." State v. Garvin, 44 N.J. 268, 272-273 (1965). Our rule replaced a statute, R.S. 2:190-7, adopted in 1934. As the statement annexed to the legislative bill recited, the purpose of that act was "to do away with the existing unfairness in criminal trials of a surprise alibi and at the same time to give defendant equivalent information as to the State's case." [at 388]
In a case of this nature, it is the State's burden to prove defendant's physical presence at the scene of the crime at the time it was committed. Proof offered by the defense that defendant was not at the scene of the crime does not disadvantage the State. The State fully appreciates from its initial investigation the necessity of placing defendant at the scene of the crime. The State, however, is disadvantaged when the defense offers proof that defendant was not at place "A", the scene of the crime, but rather at place "B" at the time. Under these circumstances, the State is entitled to advance knowledge of the claim in order to investigate and attempt to disprove this allegation as part of its main case. Where the presence of defendant at the scene of the crime is essential to show its commission by him, the burden of proving that presence is upon the State. State v. Garvin, 44 N.J. 268, 272 (1965); State v. Ravenell, 43 N.J. 171, 187 (1964), cert. den. 379 U.S. 982, 85 S.Ct. 690, 13 L.Ed.2d 572 (1965).
*529 R. 3:11-1 reads in pertinent part as follows:
If a defendant intends to rely in any way on an alibi, he shall, on written demand of the prosecuting attorney and within 10 days thereafter, furnish a written bill of particulars, signed by him, stating the specific place or places at which he claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. Within 10 days after receipt of such bill of particulars from the defendant, the prosecuting attorney shall, on written demand, furnish the defendant or his attorney with a written bill of particulars stating the names and addresses of the witnesses upon whom the State intends to rely to establish defendant's presence at the scene of the alleged offense. * * *
R. 3:11-2 reads as follows:
If such bill of particulars is not furnished as required, the court may refuse to allow the party in default to present witnesses at trial as to defendant's absence from or presence at the scene of the alleged offense, or make such other order or grant such adjournment as the interest of justice requires.
The invocation of R. 3:11-1 and R. 3:11-2 is the result of defendant's allegation that he was not present at the time and place where the crime was alleged to have been committed, but was somewhere else and, therefore, could not have possibly committed or participated in the crime. In the instant case the juvenile was not offering testimony as to defendant's whereabouts at the time the crime was committed, and therefore we deem the judge's refusal to allow his testimony improper.
Moreover, whether or not the juvenile's testimony can be characterized as an alibi defense should not be dispositive. The imposition of the sanction of prohibiting a defendant from calling a witness for failure to adhere to the rule "is not absolute or automatic, but rather a discretionary act tempered by what may be required in the `interest of justice.'" State v. Francis, 128 N.J. Super. 346, 350 (App. Div. 1974). The same would hold true if defendant is deemed *530 to have failed to comply with the general discovery and inspection rule, R. 3:13-3(b)(3).
Before invoking the ultimate sanction of barring a witness, the court should explore alternatives. In State v. Francis, supra, defendant was precluded from testifying as to alibi, and on appeal, we stated:
We are of the view that the trial court should have done more to explore and to resolve the question of whether the State would have been unfairly surprised or disarmed by defendant's testimony of alibi and if so whether that disadvantage might have been redressed by a reasonable continuance. * * * [at 351]
In the instant case the trial judge did not explore alternatives. The State was made aware of the juvenile's position on September 24, 1975, the first day of trial. It was not until one week later, on October 2, 1975, that the objection was raised. An investigation should have been made as to what, if any, inquiry was made by the State once it received notice on September 24, 1975. In addition, the feasibility of a continuance while the investigation was made should have been explored. From the record it does not appear that defendant's failure to comply with R. 3:11-1 or R. 3:13-3(b)(3) resulted in such unfair or incurable surprise to the State that the trial judge was justified in summarily excluding the juvenile's testimony.
Moreover, in light of the record and the proffered testimony of the juvenile alleged to exculpate defendant, we cannot conclude the loss of such evidence to be harmless error. State v. Macon, 57 N.J. 325 (1971).
Defendant also contends he was denied his right to due process and a fair trial because the court limited his cross-examination of Officer Stepnowski. Specifically, the defense was precluded asking the officer what he had retrieved at the scene during his investigation. The question was aimed at eliciting an admission that a rock was found at the scene.
Generally, the scope of cross-examination of a witness rests in the sound discretion of the trial judge, and unless there *531 is an abuse of that discretion as would justify a finding of prejudicial error, the court will not disturb the judgment. State v. Petillo, 61 N.J. 165, 169 (1972), cert. den. 410 U.S. 945, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973). There appears to be no abuse of discretion demonstrated in the present case. On appeal defendant does not specifically point out the relevancy of this information other than to generally assert that it is a matter that may have had significance to the jury. While the testimony sought to be elicited might have had some relevancy to corroborate testimony that rocks were being thrown, we are satisfied there was no abuse of discretion by the trial court in excluding it. Moreover, since this matter is being remanded for a new trial, it will be necessary for the defense to demonstrate a more cogent basis for its relevancy in the event it wishes to pursue this line of questioning.
Reversed and remanded for a new trial.