739 A.2d 1008 (1999)
325 N.J. Super. 506
STATE of New Jersey, Plaintiff-Respondent,
v.
Dimitr DIMITROV, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 27, 1999.
Decided November 17, 1999.
Ivelisse Torres, Public Defender, for defendant-appellant (Donald T. Thelander, Assistant Deputy Public Defender, of counsel and on the brief).
Donald Campolo, Acting Essex County Prosecutor, for plaintiff-respondent (Anna M. Mykietyn, Assistant Prosecutor, of counsel and on the brief).
Before Judges STERN, KESTIN and WEFING.
The opinion of the court was delivered by KESTIN, J.A.D.
Defendant was convicted by a jury of fourth degree possession of a motor vehicle with an altered vehicle identification number, and third degree tampering with a public record. A charge of third degree theft was dismissed by the court on defendant's motion for a judgment of acquittal. Defendant was sentenced to a one-year probationary term. A $500 fine was ordered along with statutory assessments, fees and penalties. The record discloses no stay of the sentence.
On appeal, defendant raises the following issues:

POINT I THE TRIAL COURT'S RULING, WHICH PRECLUDED AN EXCULPATORY DEFENSE WITNESS FROM TESTIFYING BECAUSE OF DEFENSE COUNSEL'S FAILURE TO PROVIDE DISCOVERY, DENIED THE DEFENDANT HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO COMPULSORY PROCESS, TO PRESENT EXCULPATORY EVIDENCE, TO DUE PROCESS *1009 OF LAW AND TO A FAIR TRIAL; TRIAL COUNSEL'S FAILURE TO SUPPLY THE PROSECUTOR WITH THE WITNESS' NAME AND ADDRESS AND THE INVESTIGATOR'S REPORT PRIOR TO TRIAL DENIED THE DEFENDANT THE EFFECTIVE ASSISTANCE OF COUNSEL. (U.S. CONST. AMENDS. VI AND XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9, AND 10.)
POINT II THE COURT'S CHARGE TO THE JURY, WHICH ALLOWED THE JURY TO CONVICT THE DEFENDANT ON A THEORY OF GUILT WHICH NO RATIONAL JURY COULD FIND BEYOND A REASONABLE DOUBT, DEPRIVED THE DEFENDANT OF DUE PROCESS OF LAW AND A FAIR TRIAL. (U.S. CONST. AMENDS. V, VI AND XIV; N.J. CONST. (1947) ART. I, PARS. 9, AND 10.)
POINT III THE FAILURE TO REQUIRE THAT THE JURY MAKE A SPECIFIC FINDING ON EACH COUNT OF THE INDICTMENT AS TO THE DEFENDANT'S CONDUCT CAUSED THE POTENTIAL OF A NON-UNANIMOUS PATCHWORK VERDICT IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS. (U.S. CONST. AMENDS. VI AND XIV; N.J. CONST. (1947) ART. I, PAR. 1.) (Not Raised Below)
POINT IV THE IMPOSITION OF A LAW ENFORCEMENT OFFICERS TRAINING AND EQUIPMENT FUND (LEOPA) ASSESSMENT FOR A CRIME COMMITTED BEFORE SUCH A PENALTY WAS AUTHORIZED VIOLATED DEFENDANT'S RIGHT TO BE FREE FROM EX POST FACTO LAWS. (U.S. CONST. ART. I, SEC. 10; N.J. CONST. ART. IV, SEC. 7, PAR. 3.) (Not Raised Below)
The indictment had been filed on May 21, 1997. The matter came on for trial on March 16, 1998. The assistant prosecutor advised the trial judge that she had that very morning received from defendant a two-page investigation report dated February 24, 1998, concerning a theretofore unknown fact witness who defendant intended to call to testify at trial. The witness would be testifying to "underlying transactions with respect to the [stolen] vehicle involved." The assistant prosecutor explained:
I thought that I would be able to sustain my burden of proof without having to call the victim [the out-of-state owner of a stolen motor vehicle] to the stand. Now Mr. Strauss [defense counsel] presents me with a two-page investigation that questions some very things that the jury may be questioning had I not put the victim on the stand.
There's a message on my desk from the victim's secretary ... indicating he's able to drive to New Jersey on the 23rd or 24th of March.
I'm put in an extremely awkward position. On the one hand I don't want to shut the court down and on the other hand my case is severely weakened if the victim is not here. Now I have to start re-investigating my case. I mean the fact that Mr. Strauss represents to me that this person, who is the subject of this report and a fact witness is here in court means on the morning of the trial now I have to start investigating my case from the get-go. I saw Mr. Strauss 3 times last week, once he came to the Prosecutor's Office, I saw him on Friday all morning in court, he indicated to me that he had this report last week and yet I'm provided with it, a report dated 2-24 on the morning of ... 3-16. I'm tied [sic] this case with one hand tied behind my back. I know as a prosecutor I would have my witnesses here. But this witness throws my case completely off balance.
Defense counsel responded:
Judge, this person's present in court. The information that he has was he was *1010 present when my client was speaking to another person about purchasing the car in question. He saw my client give the client [sic] a down-payment. I've been trying to find out that other person from day one and part of the reason why I didn't provide this to the prosecutor as part of my investigation, I've been trying to locate this other person. Now, I haveprejudice to the state, I brought the witness in 9 o'clock this morning. I believe they have plenty of opportunity to meet with him and they can find out for themselves he has no information. [sic]
The assistant prosecutor replied by stressing particular facts of the case and how the owner of the stolen car would address those facts. Defense counsel had no adequate explanation for his failure to provide the State with the investigative report earlier.
The trial judge ruled:
I'm going to make it real simple. I'm not going to allow this witness to testify because the report wasn't given to the prosecutor until too late. It was given on the day of trial. I'm well aware of the discovery rules.... This should have been provided when the report first came to the attention of the defense and as far as I'm concerned, it comes to the attention of the defense when a defense agent and investigator takes the report, not when it's given to the attorney, and it should have been provided beforehand, that would have given the prosecutor an opportunity to prepare to meet it which she hasn't had.
I'm reluctant to adjourn this case for a variety of reasons. As counsel knows this case is very old, it's an Indictment that was returned May of 1997, the defendant was arraigned June 13, `97, we've had status conferences July 13, '97, August 8, `97, September 18, `97 and then it's been listed for trial, October 20, `97, December 15, `97, try or dismiss on 2-17, interpreter not available. We've gone to great expense to get a Bulgarian interpreter. We've already incurred the wrath of the interpreters' agency. It is going to go today.
We regard this ruling to have been a misjudgment in balancing pertinent factors, which deprived defendant of a fair trial. Consequently, the conviction must be reversed.
The demands of due process are never more seriously tested than when a defendant in a criminal case is, for any reason, denied an opportunity to present a witness whose testimony has ostensible exculpatory value. See State v. Sanchez, 143 N.J. 273, 290, 670 A.2d 535 (1996) ("Indeed, `few rights are more fundamental than that of an accused to present witnesses in his own defense.'") (quoting Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 312 (1973)). Countervailing considerations used to deny defendant that opportunity must be weighty indeed. See State v. Gonzalez, 223 N.J.Super. 377, 386-87, 538 A.2d 1261 (App.Div.), certif. denied, 111 N.J. 589, 546 A.2d 514 (1988) (citing Taylor v. Illinois, 484 U.S. 400, 410-11, 108 S.Ct. 646, 654, 98 L.Ed.2d 798, 810-11 (1988)). The reasons articulated by the trial judge for barring defendant's witness fell short. Sanchez, supra, 143 N.J. at 291, 670 A.2d 535 ("When ... substantially exculpatory testimony is at stake, procedural convenience is not an adequate justification for a trial court's decision that precludes a defendant from calling [a witness].")
Unquestionably, defense counsel's serious derogation of his reciprocal discovery obligation placed the State at an unfair disadvantage, especially if the newly proffered witness were to testify at the time. Even so, the assistant prosecutor did not press for exclusion of the witness's testimony; rather, she sought only a short, week-long adjournment so that she might have a fair opportunity to attempt to meet defendant's proofs. That request furnished the trial court with a reasonable opportunity to accommodate the needs of *1011 both parties and the judicial system. Nothing about the case warranted so extreme a sanction as the trial court, sua sponte, imposed instead, however. The ten months between indictment and trial was not, by itself, a sufficient basis in the circumstances. We understand the trial judge's sense of frustration with the problems stemming from defendant's need for a Bulgarian interpreter. The matter had previously been continued on three prior trial dates, most recently on a try or dismiss basis because an interpreter was not available. We take it that the trial court went to some lengths to assure that a Bulgarian interpreter would be available and present on the adjourned trial date.
Nevertheless, it is axiomatic that "[b]efore invoking the ultimate sanction of barring a witness, the court should explore alternatives." State v. Volpone, 150 N.J.Super. 524, 530, 376 A.2d 199 (App. Div.1977); see also State v. Francis, 128 N.J.Super. 346, 351, 320 A.2d 173 (App. Div.1974) ("[T]he trial court should have done more to explore and resolve the question of whether the State would have been unfairly surprised or disarmed by defendant's testimony of alibi and if so whether that disadvantage might have been redressed by a reasonable continuance."); State v. Moore, 147 N.J.Super. 47, 51-52, 370 A.2d 531 (App.Div.1977) (emphasizing the need to explore alternatives to proof sanctions). The Bulgarian interpreter was in court and an adjourned date could have been set to suit her schedule as well as the assistant prosecutor's needs for producing her now-necessary witness. The costs incurred in the interpreter's abortive appearance could have been assessed personally against defense counsel as part of an appropriate sanction for his discovery default. What is not tenable in the circumstances, however, especially given the alternatives available, is that defendant may have been convicted because he was precluded from presenting a witness who would have supported his contentions that he had purchased the vehicle in question for shipment to a relative abroad with no knowledge that it had a false vehicle identification number or a bogus salvage certificate.
For this reason, we are constrained to reverse the convictions and remand for a new trial or such other proceedings as may be appropriate. Disposition on this basis renders it unnecessary to consider the other issues defendant raises. We note only, in passing, the State's concession that the LEOPA penalty assessment was incorrectly imposed in the light of the fact that January 7, 1997 was the date of the alleged crime, and January 9, 1997 was the effective date of the LEOPA penalty statute, N.J.S.A. 2C:43-3.3.
Reversed and remanded.