Deborah EDWARDS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0911–CR–1093.

Court of Appeals of Indiana.

July 13, 2010.

---

Jay Rodia, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Deborah Edwards appeals her conviction of criminal recklessness, a Class D felony.[1] She claims she was denied a fair trial because she was not allowed to present witnesses who would testify they did not see her at the crime scene.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On September 5, 2008, Edwards was arrested for Class D felony criminal recklessness. On May 4, 2009, defense counsel filed a motion for severance from her two co-defendants, Rachel Edwards ("Rachel") and Robert Bell ("Bell"). The motion was ruled moot, as the trials were already scheduled separately. On August 12 and 13, defense counsel filed two witness lists, and the State moved to exclude all the listed witnesses on the ground Edwards had not provided proper notice of alibi defense. The trial court excluded all witnesses except for Rachel and Bell.

At trial on August 14, the trial court heard defense counsel's offer to prove regarding the testimony of Rachel and Bell. The court decided they were alibi witnesses and excluded them because Edwards had not filed an alibi notice. Ultimately, Edwards was found guilty of Class D felony criminal recklessness.

### DISCUSSION AND DECISION

 The trial court has broad discretion in ruling on the admissibility of evi-

1. Ind.Code 35–42–2–2.

dence. *Drake v. State,* 655 N.E.2d 574, 575 (Ind.Ct.App.1995). We will reverse such a ruling only when the trial court abuses its discretion. *Stroud v. State,* 809 N.E.2d 274, 283 (Ind.2004). To reverse, there must be (1) error by the court, (2) that affects the defendant's substantial rights, and (3) the defense must have made an offer of proof or the evidence must have been clear from the context. *Id.*

Alibi is defined as:

> (1) a defense based on the physical impossibility of a defendant's guilt by placing the defendant in a location other than the scene of the crime at the relevant time;
>
> (2) the fact or state of having been elsewhere when an offense was committed.

Black's Law Dictionary 84 (9th ed. 2009). Years ago, our Indiana Supreme Court noted:

> In criminal law 'alibi' means elsewhere or in another place. It is a mode of defense to a criminal prosecution, where the party accused, in order to prove he could not have committed the crime with which he is charged offers evidence to show that he was in another place at the time the alleged crime was committed.

*Freeman v. State,* 231 N.E.2d 246, 250, 249 Ind. 211, 217 (Ind.1967). A criminal defendant must file a "written statement of his intention to offer" an alibi defense, which "must include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information." Ind.Code § 35–36–4–1.

Edwards argues the trial court abused its discretion by excluding the testimony of Rachel and Bell pursuant to Ind.Code § 35–36–4–1 because they were not alibi witnesses, as they could not testify to where Edwards was at the time of the crime. Rather, Edwards asserts, they were eyewitnesses to the crime who simply could testify that Edwards was not at the crime scene.

The State directs us to *Manning v. State,* 557 N.E.2d 1335 (Ind.Ct.App.1990), in which Manning's proffered witness was going to testify that Manning was elsewhere during part of the time the crime was alleged to be occurring. We held that witness was an alibi witness and the trial court properly excluded the witness because Manning had not filed a notice of alibi as required by statute. *Id.* at 1338. Because Manning's proffered witness was not at the crime scene, *Manning* does not address the situation raised by Edwards.

Apparently, no Indiana court has decided whether an eyewitness to a crime who indicates only that a person was *not* at the scene of the crime is an alibi witness. Appellate courts in Kansas and New Jersey have addressed this issue, and both determined witnesses who were at the scene of the crime and were offered to prove the defendant was not, were not alibi witnesses. *See State v. Volpone,* 150 N.J.Super. 524, 376 A.2d 199, 202 (1977), *Kansas v. Deffebaugh,* 277 Kan. 720, 89 P.3d 582, 588 (2004).

The facts of *Volpone* most closely resemble those before us. Volpone was accused of participating in a fight. He wanted to present testimony from someone who participated in the fight and would indicate Volpone was not at the scene of the fight. The trial court denied his request because Volpone failed to provide the "prosecutor any bill of particulars claiming an alibi defense before trial." *Volpone,* 376 A.2d at 200. The appellate court held, "Although testimony alleging that a defendant was not at the scene of the crime at the time inferentially suggests defendant was

elsewhere, it is not the type of testimony contemplated by our alibi rule." [2] *Id.*

When Kansas tried Deffebaugh for dealing cocaine, Deffebaugh offered an eyewitness to testify Deffebaugh was not at the scene of the crime. The trial court excluded this evidence because Deffebaugh had not notified the State about this witness and to allow the testimony would violate the Kansas statute requiring a defendant to give notice of an alibi defense.[3] The Kansas Supreme Court indicated the purpose of the alibi notice statute was to ensure the prosecution was not surprised by the alibi witness' testimony and had ample time to investigate the claim the defendant was somewhere other than the crime scene. Citing *Volpone*, it held:

> [T]he State knows that it must prove that the defendant was at the scene of the crime. Consequently, the State's investigation encompasses the premise that the defendant was present, and the State is not surprised by evidence that the defendant was not present at the scene of the crime. However, the State cannot investigate evidence that the defendant was in another definite place unless the defendant provides notice of where he claims to have been in advance of

trial. Because the State was not surprised by the participant's testimony that the defendant was not there during the fight, the testimony was not for the purpose of an alibi, but was merely a rebuttal of the State's evidence placing the defendant at the scene.

*Deffebaugh,* 89 P.3d at 587 (citing *Volpone,* 376 A.2d at 200–01).

The Kansas alibi statute closely resembles ours, in that both require a notice be filed providing detailed information about the exact place the defendant contends he was at the time of the crime. *Compare* K.S.A. 22–3218 ("notice shall state where defendant contends he was at the time of the crime") *with* Ind.Code § 35–36–4–1 ("notice must include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information"). The *Volpone* court accurately characterizes testimony a defendant was not at a crime scene as rebuttal to the prosecution's contention the defendant was at the crime scene, which testimony, unlike an alibi claim, requires no further investigation by the prosecution. *Volpone,* 376 A.2d at 200. We find that characterization consistent with both the dictionary defini-

---

**2.** The "alibi rule" referenced in *Volpone* provides in relevant part: "(a) Alibi. If a defendant intends to rely in any way on an alibi, within 10 days after a written demand by the prosecutor the defendant shall furnish a signed alibi, stating the specific place or places at which the defendant claims to have been at the time of the alleged offense." N.J. Ct. R. 3:11–1 (recodified as N.J. Ct. R. 3:12–2(a) (1995)).

**3.** K.S.A. 22–3218 provides:
(1) In the trial of any criminal action where the complaint, indictment, or information charges specifically the time and place of the crime alleged to have been committed,

and the nature of the crime is such as necessitated the personal presence of the one who committed the crime, and the defendant proposes to offer evidence to the effect that he was at some other place at the time of the crime charged, he shall give notice in writing of that fact to the prosecuting attorney except that no such notice shall be required to allow testimony as to alibi, by the defendant himself, in his own defense. The notice shall state where defendant contends he was at the time of the crime, and shall have endorsed thereon the names of witnesses he proposes to use in support of such contention.

tion of "alibi" and the language of our alibi statute.

■ In the case before us, Rachel and Bell would have testified they were at the crime scene and Edwards was not. When the court asked defense counsel to indicate what their testimony would be, the following dialogue ensued:

THE COURT: Well—let me stop you for a second—I—just 'cause I—I want to make sure that I'm clear about something. And, eh, you're not calling the two Edwardes [sic] for an alibi witness. They're not going to come up here and [s]ay that Mrs. Edwards wasn't present.

MS. JAFFE: Well, they *are* going to say that.

THE COURT: Then they're alibi witnesses

MS. JAFFE: I—I don't—I—okay. Judge—

THE COURT: Well, *they are.* I mean i-if they say she wasn't there, then they're saying she was somewhere else. That makes them alibi witnesses.

MS. JAFFE: But—but they're not— but they're not saying *where she* was. It's not like someone who—okay, the witnesses that we actually—they were going to say she was somewhere else, they're going to say specifically where she *actually was.* As opposed to saying she wasn't *present.* I don't think that is an alibi witness.

(Tr. at 8.)

■ As explained above, evidence of a defendant's absence from a crime scene is not an "alibi" defense. Rather, it is a rebuttal of the prosecution's contention the defendant was present and thus capable of committing the crime. Therefore, the trial court should not have excluded these witnesses on that basis.

■ The State urges us to affirm because the exclusion of these witnesses was harmless. Errors in the exclusion of evidence are to be disregarded as harmless unless they affect the substantial rights of the party. *Wilson v. State,* 770 N.E.2d 799, 802 (Ind.2002). The right of a criminal defendant to offer the testimony of witnesses on his or her behalf is guaranteed by both the federal and Indiana constitutions. U.S. Const. amend. VI; Ind. Const. art. 1 § 13. Furthermore, we have explained:

> The right to offer the testimony of witnesses. . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process law.

*Ferguson v. State,* 670 N.E.2d 371, 374 (Ind.Ct.App.1996) (citing *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967)).

■ Because there was not, as the State asserts, overwhelming evidence of Edwards' presence at the scene and involvement in the crime, we decline the State's invitation to disregard this "fundamental element of due process law." The State claims three witnesses—Gene Schill, who was attacked with a baseball bat; Gene's son, Jacob, who also was injured in the altercation; and Gene's wife, Cynthia—all identified Edwards as the person holding the bat and beating Gene. They did not. At trial, when Gene was asked if he "had any idea now who was holding the bat when you were struck?" he answered,

"No." (Tr. at 28–9.) Jacob initially described one of the people who came toward him the night of the crime as an "old short woman with curly hair." (*Id.* at 41.) Edwards' mug shot from the day Gene was beaten shows she had long, straight hair. As the two victims gave, at best, equivocal testimony regarding Edwards' involvement in the crime, we do not hold harmless the erroneous exclusion of testimony from two witnesses who did not see Edwards at the crime scene. *See Rohr v. State,* 866 N.E.2d 242, 247 (Ind.2007) (holding exclusion of belatedly-disclosed witnesses was not harmless error because evidence of guilt was not conclusive).

The trial court erred when excluding Rachel Edwards and Robert Bell on the ground they were alibi witnesses. Instead, they were eyewitnesses at the crime scene whose testimony could be used to rebut the prosecution's contention that Edwards was there. We accordingly reverse Edwards' conviction and remand for a new trial.

Reversed and remanded.

BAILEY, J., and BARNES, J., concur.