## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 18 2018, 10:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.G.,
*Appellant-Respondent,*

v.

State of Indiana,
*Appellee-Petitioner.*

January 18, 2018

Court of Appeals Case No.
49A02-1709-JV-2004

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge
The Honorable Scott B. Stowers, Magistrate

Trial Court Cause No.
49D09-1703-JD-410

**Bradford, Judge.**

# Case Summary

[1] On July 12, 2017, following a fact-finding hearing, Appellant-Respondent J.G. was found to be a delinquent child for committing what would be Class A misdemeanor theft if committed by an adult. On appeal, J.G. contends that the juvenile court abused its discretion in admitting certain evidence during the fact-finding hearing. Because any error the juvenile court committed could only have been harmless, we affirm.

# Facts and Procedural History

[2] On February 28, 2017, Rodney Snider was looking to purchase a PlayStation 3 gaming console for his son. Using a service called OfferUp,[1] Snider agreed to purchase a PlayStation 3 from J.G. for $40.00. When he arrived at the agreed upon location, Snider observed that J.G. had a "PlayStation 3 box sitting right next to him." Tr. Vol. II, p. 17. Snider approached J.G. and gave him $40.00. J.G. took the money but did not give Snider the PlayStation 3 in return. Instead, J.G. walked away from Snider taking both the $40.00 and the box purportedly containing the PlayStation 3 with him. Snider subsequently

---

[1] OfferUp is a mobile marketplace in the United States. *See* https://offerup.com/about/ (last visited January 8, 2018). It allows users to list items for sale, browse local listings of items for sale, and purchase items by using a program which can be downloaded onto their mobile phones. *See* https://offerup.com/howitworks/ (last visited January 8, 2018).

identified J.G. as the individual who had taken his money without giving him the PlayStation 3 in return.

[3] On March 20, 2017, Appellee-Petitioner the State of Indiana ("the State") filed a delinquency petition alleging that J.G. committed what would have been Class A misdemeanor theft if committed by an adult. The juvenile court conducted a fact-finding hearing on June 30, 2017. At the conclusion of the fact-finding hearing, the juvenile court took the matter under advisement. On July 12, 2017, the juvenile court found J.G. to be a delinquent child for committing what would have been Class A misdemeanor theft if committed by an adult. Following an August 4, 2017 disposition hearing, the juvenile court discharged J.G. and closed the case. This appeal follows.

# Discussion and Decision

[4] In challenging the juvenile court's finding that he is a delinquent child, J.G. contends that the juvenile court abused its discretion in admitting certain evidence during the fact-finding hearing. The juvenile court "has broad discretion in ruling on the admissibility of evidence." *Houston v. State*, 957 N.E.2d 654, 657 (Ind. Ct. App. 2011) (citing *Edwards v. State*, 930 N.E.2d 48, 50 (Ind. Ct. App. 2010), *trans. denied*). We will reverse such a ruling only when the juvenile court abuses its discretion. *Id*. (citing *Edwards*, 930 N.E.2d at 50). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the [juvenile] court." *Id*. (citing *Boggs v. State*, 928 N.E.2d 855, 862 (Ind. Ct. App. 2010), *trans. denied*).

[5] J.G. argues that the juvenile court abused its discretion in admitting State's Exhibit D into evidence to prove his identity because it contained inadmissible hearsay. Exhibit D is made up of 156 pages of records connected to the OfferUp account used by J.G. when advertising the PlayStation 3 for sale. Hearsay is a "statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is not admissible unless it falls within one of the exceptions provided by in the evidence rules. Ind. Evid. R. 802.

[6] However, we need not determine whether State's Exhibit D contained inadmissible hearsay because even if it did, the admission of this exhibit was harmless. "The improper admission of evidence is harmless error when the reviewing court is satisfied that the conviction is supported by substantial independent evidence of guilt so that there is no substantial likelihood that the challenged evidence contributed to the conviction." *Meadows v. State*, 785 N.E.2d 1112, 1122 (Ind. Ct. App. 2003). In this case, the State provided substantial independent evidence of J.G.'s guilt. Snider testified during the fact-finding hearing that, using OfferUp, he agreed to purchase a PlayStation 3 from J.G. for $40.00. When he arrived at the agreed-upon location, Snider gave J.G. $40.00. J.G. took the money but did not give him the PlayStation in return. Snider subsequently identified J.G. as the individual who had taken his money. Given Snider's testimony and identification of J.G., we conclude that even if

the juvenile court erroneously admitted State's Exhibit D, such error was harmless.

[7] The judgment of the juvenile court is affirmed.

Robb, J., and Crone, J., concur.