**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2263-17T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

MARKEITH BRYSON,

    Defendant-Respondent.

_____

Argued May 31, 2018 – Decided July 12, 2018

Before Judges Alvarez and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Burlington County, Indictment
No. 17-07-0739.

Jennifer B. Paszkiewicz, Assistant
Prosecutor, argued the cause for appellant
(Scott A. Coffina, Burlington County
Prosecutor, attorney; Jennifer B.
Paszkiewicz, of counsel and on the brief).

Robert M. Perry argued the cause for
respondent (Daniel M. Rosenberg & Associates,
LLC, attorneys; Robert M. Perry, on the
brief).

PER CURIAM

We granted the State leave to appeal from an interlocutory January 10, 2018 order suppressing the testimony of two of the State's witnesses and the medical records of the victim pursuant to Rule 3:13-3(f). We reverse and remand.

We glean the following facts from the record. On March 1, 2017, police were dispatched to a location in Florence Township after reports of a shooting. Shortly thereafter, Burlington City police stopped a vehicle being driven by Eugene Greshan. During the stop, police discovered he had been shot multiple times. When questioned by police regarding the shooting, Greshan denied knowing who shot him and was unwilling to acknowledge he was shot.

On March 15, 2017, Albert Morton claimed to be an eyewitness to the shooting and gave a videotaped statement to detectives identifying defendant Markeith Bryson as the shooter. On April 4, 2017, Nahjee Cox also claimed to be an eyewitness to the shooting and gave a videotaped statement to detectives identifying defendant as the shooter.

On July 6, 2017, a grand jury indicted defendant for: first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and 2C:11-3(a)(1) (count one); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count two); third-degree aggravated assault, 2C:12-1(b)(2) (count three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count four); unlawful

possession of a weapon, N.J.S.A. 2C:39-5(b)(1) (count five); and fourth-degree aggravated assault, 2C:12-1(b)(4) (count six). Defendant was detained pretrial with a scheduled release date of January 6, 2018, pursuant to N.J.S.A. 2A:162-22.

On August 18, 2017, defendant demanded discovery of audiovisual tapes and transcripts of all witness statements. During a September 5, 2017 pre-trial conference, defendant informed the trial court the State had yet to provide audiovisual tapes and transcripts of any witness statements. Defendant further alerted the trial court and the State to this discovery issue in his pretrial memorandum dated November 22, 2017. Defendant also indicated the State failed to provide Greshan's medical records.

On November 22, 2017, defendant again alerted the trial court of the State's failure to provide the witness statements in any form. Two days later, the State provided defendant with the tapes of the witness statements but no transcripts. Trial was initially set to commence on November 28, 2017, but was adjourned to January 3, 2018, at the State's request.

The State conceded the witness statements were not sent for transcription until November 28, 2017. Additionally, the State did not subpoena Greshan's medical records until December 4, 2017.

On January 2, 2018, only one day before trial, the State provided defendant with the victim's medical records and the

transcripts of three statements, including defendant's. The court adjourned trial for one day for unrelated reasons. On January 4, 2018, the State provided defendant with transcripts of the interviews given by Morton and Cox, but the latter was incomplete.

A weather-related court closure delayed commencement of the trial until January 5, 2018.[1] Defendant moved to exclude the testimony of the other four individuals as well as Greshan's medical records due to the State's failure to timely provide discovery. The trial court requested additional briefing and heard further argument on January 9, 2018. Defendant narrowed his motion to exclude only the testimony of Morton and Cox and Greshan's medical records. The State represented it would not be using the videotaped statements or the transcripts of those statements in its case-in-chief.

On January 10, 2018, the trial court granted defendant's motion to exclude Morton and Cox's testimony and the victim's medical records. The judge found the State failed to comply with the request for discovery," a point which "has not been contested by the State," and the remedy for which "is within the broad discretion of the [c]ourt." The judge concluded exclusion of the

---

[1] Although defendant's speedy trial release date was scheduled for January 6, 2018, he remained incarcerated because the trial court determined trial had commenced.

testimony of Cox and Morton and the victim's medical reports was the "appropriate remedy" for the State's failure to comply with defendant's discovery requests.

The judge specifically found: (1) "[t]he plain language of [the discovery] rule prohibits the late production of transcripts"; (2) "defendant is prejudiced by the late production of this discovery" because it "does not allow the defendant to properly prepare for cross-examination" and granting a continuance, as the State requested, "may result in a defendant being incarcerated beyond the period that a trial would normally take"; (3) "[g]ood cause for the late production is absent" as the State had notice, as early as August 18, 2017, that it was required to provide defendant with the tapes and transcripts of witness statements thirty days prior to the trial date of November 28, 2017, yet failed to do so; (4) the materiality of the evidence not properly disclosed during discovery led to "defendant's inability to investigate while the trial [was] proceeding"; and (5) there was "somewhat in this case a pattern about discovery and that the alternative remedy of an adjournment would result in manifest and harmful prejudice to the defendant."  The judge entered an order reflecting his ruling on January 10, 2018.

On January 11, 2018, the trial court granted the State's motion for stay of trial and defendant's release pending appeal.

We granted the State's emergent motion for leave to appeal and to continue the stay of the trial court's ruling.[2]

On appeal, the State raises the following point:

> [THE TRIAL COURT] ERRED IN CONCLUDING THAT EXCLUSION OF THE WITNESSES' TESTIMONY WAS THE APPROPRIATE REMEDY FOR THE STATE'S LATE PROVISION OF THE TRANSCRIPTS OF THE WITNESSES' OUT-OF-COURT STATEMENTS.

"A trial court's resolution of a discovery issue is entitled to substantial deference and will not be overturned absent an abuse of discretion." State v. Stein, 225 N.J. 582, 593 (2016). This court "need not defer, however, to a discovery order that is well 'wide of the mark,' or 'based on a mistaken understanding of the applicable law.'" State v. Hernandez, 225 N.J. 451, 461 (2016) (citation omitted) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). Additionally, the "review of the meaning or scope of a court rule is de novo" with no deference "to the interpretations of the trial court . . . unless we are persuaded by [its] reasoning." State v. Tier, 228 N.J. 555, 561 (2017) (citing Hernandez, 225 N.J. at 461).

The State argues the trial court abused its discretion in excluding Morton and Cox's testimony at trial. We agree.

---

[2]  The State does not appeal the exclusion of Greshan's medical records.

<u>Rule</u> 3:13-3(b)(1)(G) provides discovery shall include record of statements, signed or unsigned, of witnesses and co-defendants

> which are within the possession, custody or control of the prosecutor and any relevant record of prior conviction of such persons. The prosecutor also shall provide the defendant with transcripts of all electronically recorded co-defendant and witness statements by a date to be determined by the trial judge, except in no event later than 30 days before the trial date set at the pretrial conference, but only if the prosecutor intends to call that co-defendant or witness as a witness at trial.

In turn, <u>Rule</u> 3:13-3(f) provides, in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, it may order such party to permit the discovery of materials not previously disclosed, grant a continuance or delay during trial, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate.

To be sure, the State should have provided the transcripts by December 4, 2017. However, a trial judge is not limited to preclusion of the testimony as a remedy. "The rule specifically provides for discretion in formulating a sanction for a discovery violation." <u>State v. Clark</u>, 347 N.J. Super. 497, 509 (App. Div. 2001) (citations omitted). In resolving discovery disputes and

imposing sanctions, "[a]n adjournment or continuance is a preferred remedy where circumstances permit." Ibid.

It is well understood "the sanction of preclusion is a drastic remedy and should be applied only after other alternatives are fully explored[.]" State v. Washington, 453 N.J. Super. 164, 190 (2018) (alteration in original) (quoting State v. Scher, 278 N.J. Super. 249, 272 (App. Div. 1994)); see also State v. Dimitrov, 325 N.J. Super. 506, 511 (App. Div. 1999) ("[I]t is axiomatic that '[b]efore invoking the ultimate sanction of barring a witness, the court should explore alternatives.'" (second alteration in original) (quoting State v. Volpone, 150 N.J. Super. 524, 530 (App. Div. 1977)); Zaccardi v. Becker, 88 N.J. 245, 253 (1982) (explaining "although it is the policy of the law that discovery rules be complied with, it is also the rule that drastic sanctions should be imposed only sparingly"). However, "repeated and flagrant derelictions" of discovery rules "may require application of the sanction of preclusion." State v. Burnett, 198 N.J. Super. 53, 61 (App. Div. 1984). When adjournment of the trial will avoid the risk of prejudice resulting from untimely discovery, trial courts have discretion to choose that option rather than suppression. See State v. Utsch, 184 N.J. Super. 575, 580 (App. Div. 1982).

Here, continuance, not exclusion, was the appropriate remedy.

> Exclusion of the testimony on the ground that the discovery rights of defendant were violated was not warranted. Mindful of the general policy of admissibility, the judge should have availed himself of other means of protecting defendant from surprise. Ample protection of defendant's interest could have been achieved by according defense counsel an opportunity to interview the complaining witness, by granting a brief continuance, or by some other procedure which would have permitted defense counsel to prepare to meet the evidence.
>
> [State v. Lynch, 79 N.J. 327, 335-36 (1979) (quoting State v. Moore, 147 N.J. Super. 47, 51 (App. Div. 1977)).]

The present circumstances favored granting a continuance rather than excluding the testimony. First, defendant was provided with copies of the videotaped statements on November 24, 2017, some thirty-nine days before the January 3, 2018 trial date. Second, defendant has now had well more than thirty days to prepare cross-examination as a result of the stay of the trial court's ruling pending appeal, eliminating any alleged prejudice. Third, the delay in providing the transcripts did not result from an effort by the State to gain a tactical advantage.

Furthermore, the trial court failed to address whether the testimony of Morton and Cox "was so important that its exclusion [would have] an effect on the fairness of the trial." Washington, 453 N.J. Super. at 192 (alteration in original) (quoting State v. Williams, 214 N.J. Super. 12, 22 (App Div. 1986)). "The trial of

criminal cases involves important interests of the State, the alleged victims, and the public, not just those of defendant alone." Ibid. (citations omitted). Here, the State asserts it is unable to prove its case if the testimony of Morton and Cox is precluded. Thus, the State will be forced to dismiss the charges if the trial court's ruling stands. Important public policy reasons militate against this result.

"We recognize that trial courts are vested with the discretion to fashion an appropriate sanction for a violation of discovery obligations." State v. Richardson, 452 N.J. Super 124, 137 (App. Div. 2017) (citing State v. Dabas, 215 N.J. 114, 141 (2013)). However, under these circumstances, the trial court should have ordered a continuance of trial, which would have allowed the State to present, and the defendant to respond to, this important testimonial evidence. By declining to do so, and instead excluding the testimony, the trial court abused its discretion.

Finally, we note N.J.S.A. 2A:162-22, the speedy trial section of the Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26, did not preclude a continuance of trial. Washington, 453 N.J. Super. at 193. "'If the trial does not commence within' 180 days of indictment, not counting excludable time, a defendant may be entitled to the speedy trial statute's remedy: that 'the eligible defendant shall be released from jail.'" Ibid. (quoting N.J.S.A.

2A:162-22(a)(2)(a)). Defendant may apply for release from jail and, in response, the State may request excludable time under N.J.S.A. 2A:162-22(b)(1)(g). "Thus, the speedy trial statute was not a basis for denying the continuance." Ibid. "[C]ourts should consider discovery issues separately from speedy trial issues" as it is "improper to impose a discovery sanction based on a perceived failure to comply with the speedy trial statute." Id. at 187.

We reverse the order to the extent that it bars the testimony of Morton and Cox and remand for trial.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2263-17T2